# LUCKENBACH STEAMSHIP COMPANY v. UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 32.  Argued March 11, 12, 1926.—Decided November 23, 1926.

1. An appeal from a judgment of the Court of Claims (entered April 28, 1924,) applied for while a motion for a new trial and amended findings was pending, though premature, was not a nullity, and became effective when the motion was denied and the appeal allowed.  P. 534.

2. Time did not run against the right to appeal while the motion for new trial and amended findings was pending.  P. 535.

3. The limits placed by Congress on the scope of review in this Court of judgments of the Court of Claims, do not deprive defeated claimants of due process of law under the Fifth Amendment. P. 536.

4. Under the law and rules governing the subject, review of judgments of the Court of Claims is confined to questions of law shown by the record when made up as the rules direct.  Evidence is not included in the record, nor rulings on the admission or rejection of evidence. P. 537.

5. Where the findings are ambiguous, contradictory or silent in respect of a material matter, or appear on their face ill-founded in point of law, the case may and should be remanded for corrected or additional findings, but this is to be done only where the need for correction or addition is apparent either on the face of the findings or when they are examined in connection with the pleadings.  P. 539.

6. An order of the Court of Claims overruling a motion for a new trial, which brought nothing new into the case, *held* not reviewable. P. 540.

7. Evidential and plainly subordinate matter is inappropriate to a finding of ultimate facts.  P. 540.

8. A finding of the value of property taken by the Government *held* a finding of fact, and not reviewable.  P. 540.

9. A claimant is not in position to press requests for findings which do not appear to have been tendered to the Court of Claims as required by the Rule.  P. 541.

10. Where an owner of boats which were taken over by the United
States under the Act of June 15, 1917, elected not to accept as
full compensation the sum fixed by the President, but to accept
three-fourths of it, under the Act, and sue for more, but recovered
only the additional fourth which he had declined to accept, he
was not entitled under the Fifth Amendment to interest on such
deferred compensation. P. 541.

59 Ct. Cls. 628, affirmed.

Appeal from a judgment of the Court of Claims reject-
ing a claim for a balance alleged to be due appellant on
several barges and tugs, which were taken over by the
Government under the Act of June 15, 1917.

*Messrs. C. C. Daniels* and *Peter S. Carter* for the appel-
lant.

*Assistant Attorney General Galloway*, with whom
*Solicitor General Mitchell* and *Mr. Joseph Henry Cohen*,
Special Assistant to the Attorney General, were on the
brief, for the United States.

MR. JUSTICE VAN DEVANTER delivered the opinion of
the Court.

This was a suit to recover a balance alleged to be due
for several barges and tugs, the possession of and title to
which were taken over by the United States under the
Act of June 15, 1917, c. 29, 40 Stat. 182. The compensa-
tion fixed at the time by the President not being satisfac-
tory to the claimant, three-fourths of it was paid, and
the claimant, conformably to the Act, sued to recover a
further sum which, with what was paid, was alleged to be
just compensation. The Court of Claims found that the
amount fixed by the President was just and entered judg-
ment for the claimant for the one-fourth remaining un-
paid. 59 Ct. Cl. 628. The claimant being still dissatis-
fied brought the case here.

The judgment was entered April 28, 1924. The claim-
ant seasonably moved for a new trial and included in

the motion a request for amended findings. While that motion was pending the claimant, becoming apprehensive lest the time allowed for an appeal might be running, filed with the clerk an application for an appeal from the judgment. Thereafter the motion for a new trial, with the request for amended findings, was denied, and the application for an appeal was then brought to the Court's attention and allowed. A little later the claimant applied for an appeal from the order refusing a new trial and amended findings and the court allowed that appeal.

Counsel for the United States insist that neither appeal was effective. Plainly the second was not, for it was from an order which was not appealable. But the first was from the judgment and we think it was well taken. The only infirmity suggested is that the application was premature in that it was made before the motion for a new trial and amended findings was disposed of. It is true that with that motion pending the judgment was not so far final as to cause time to run against the right to appeal, *United States* v. *Ellicott,* 223 U. S. 524, 539; but while the application was thus premature it was not a nullity. Evidently it was intended to be pressed only if and when the motion for a new trial and amended findings was denied. The court so regarded it, and therefore gave effect to it after disposing of the pending motion. That this was right is shown in *Ex parte Roberts,* 15 Wall. 384, 385.

After the record was filed in this Court the claimant moved that the case be remanded to the Court of Claims with directions either to find or refuse to find each of the several matters specified in the request for amended findings, or, in the alternative, to include in the record the motion for a new trial and that request, together with the evidence on which they were based. Consideration of the motion to remand was postponed to the hearing on the merits, and that hearing has been had.

The presentation of the case on behalf of the claimant has proceeded on the assumption that our power to review is as broad as the power of the Court of Claims to hear and determine in the first instance, and that such a review if not otherwise provided for is vouchsafed by the due process of law clause of the Fifth Amendment. But the assumption is a mistaken one. The Court of Claims is a special tribunal established to hear and determine suits against the United States on claims of specified classes. Except as Congress has consented, there is no right to bring these suits against the United States, and therefore the right arising from the consent is subject to such restrictions as Congress has imposed. *McElrath* v. *United States,* 102 U. S. 426, 440. One of these is that the trial shall be by the court without a jury. Another, in force until changed by the Act of February 13, 1925, c. 229, 43 Stat. 936, forbade an appellate review where the decision was against the claimant and the amount in controversy was not in excess of three thousand dollars. Others, still in force, limit the scope of the review where one is permitted. And, apart from the nature of these suits, the well settled rule applies that an appellate review is not essential to due process of law, but is a matter of grace. *McKane* v. *Durston,* 153 U. S. 684, 687; *Andrews* v. *Swartz,* 156 U. S. 272, 275; *Kohl* v. *Lehlback,* 160 U. S. 293, 297, 299; *Reetz* v. *Michigan,* 188 U. S. 505, 508; *The Francis Wright,* 105 U. S. 381, 386; *Montana Company* v. *St. Louis Mining and Milling Company,* 152 U. S. 160, 171.

The Constitution, Art. III, sec. 2, declares the appellate jurisdiction of this Court shall be subject to " such exceptions " and be exercised under " such regulations " as Congress may prescribe. This provision was much considered in *The Francis Wright, supra,* and the views there expressed are particularly apposite here. The Court said (p. 386):

"Authority to limit the jurisdiction necessarily carries with it authority to limit the use of the jurisdiction. Not only may whole classes of cases be kept out of the jurisdiction altogether, but particular classes of questions may be subjected to re-examination and review, while others are not. To our minds it is no more unconstitutional to provide that issues of fact shall not be retried in any case, than that neither issues of law nor fact shall be retried in cases where the value of the matter in dispute is less than $5,000. The general power to regulate implies power to regulate in all things. The whole of a civil law appeal may be given, or a part. The constitutional requirements are all satisfied if one opportunity is had for a trial of all parts of a case. Everything beyond that is a matter of legislative discretion, not of constitutional right."

Save in special cases not needing present mention, Congress never has provided for a general review by this Court of cases coming from the Court of Claims. On the contrary—and probably because that court is composed of five judges, all usually hearing cases together and the concurrence of three being necessary to a decision in any case—Congress has pursued the policy of permitting only a limited review on questions of law; and the procedural rules applicable to such cases which this Court has promulgated under congressional authorization always have recognized that policy. The rules in force when this case was before the Court of Claims are copied in the margin.[1]  Others promulgated since

---

[1] RULE I.

In all cases hereafter decided in the Court of Claims, in which, by the Act of Congress, such appeals are allowable, they shall be heard in the Supreme Court upon the following record, and none other:

(1) A transcript of the pleadings in the case, of the final judgment or decree of the court, and of such interlocutory orders, rulings, judgments, and decrees as may be necessary to a proper review of the case.

and equally recognizing the same policy, are also copied there.[2]

This Court uniformly has regarded the legislation and rules as confining the review to questions of law shown by the record when made up as the rules direct. Bills of exception are not recognized in either the legislation or the rules; nor is there other provision for bringing the evidence into the record or including therein the various rulings involved in applying to the evidence presented the rules which mark the line between what properly may be considered and what must be rejected. As long ago as *Mahan* v. *United States*, 14 Wall. 109, 111, this Court said of the rules that they could not be examined " with-

---

(2) A finding by the Court of Claims of the facts in the case, established by the evidence, in the nature of a special verdict, but not the evidence establishing them; and a separate statement of the conclusions of law upon said facts on which the court founds its judgment or decree. The finding of facts and conclusions of law to be certified to this court as part of the record.

### Rule III.

In all cases an order of allowance of appeal by the Court of Claims, or the chief justice thereof in vacation, is essential, and the limitation of time for granting such appeal shall cease to run from the time an application is made for the allowance of appeal.

### Rule IV.

In all cases in which either party is entitled to appeal to the Supreme Court, the Court of Claims shall make and file their findings of fact and their conclusions of law therein, in open court, before or at the time they enter judgment in the case.

### Rule V.

In every such case, each party, at such time before trial, and in such form as the court may prescribe, shall submit to it a request to find all the facts which the party considers proven and deems material to the due presentation of the case in the findings of fact.

[2] The following rules partly modifying those just set forth were promulgated June 8, 1925, 266 U. S. 683

out seeing that the purpose was to bring nothing here for review but questions of law, leaving the Court of Claims to exercise the functions of a jury in finding facts, equivalent to a special verdict and with like effect." Other cases establish that where the findings are ambiguous, contradictory or silent in respect of a material matter, or appear on their face ill-founded in point of law, the case may and should be remanded for corrected or additional findings, but that the mere assertion on the part of a complaining party that they are against the evidence or not supported by it, or give too much or too little weight to particular evidence, affords no ground for so remanding the case, because that is to be done only where the need for correction or addition is apparent either on the face of the findings or when they are examined in connection with the pleadings. *United States* v. *Adams,* 6 Wall. 101, 110–112; *Moore* v. *United States,* 91 U. S.

---

RULE 38.

JUDGMENTS OF THE COURT OF CLAIMS—PETITIONS FOR REVIEW ON CERTIORARI.

(See sec. 3(b) of the Act of February 13, 1925.)

1. In any case in the Court of Claims where both parties request in writing, at the time the case is submitted, that the facts be specially found, it shall be the duty of that court to make and enter special findings of fact as part of its judgment.

2. In any case in that court where special findings of fact are not so requested at the time the case is submitted, a party aggrieved by the judgment may, not later than twenty days after its rendition, request the court in writing to find the facts specially; and thereupon it shall be the duty of the court to make special findings of fact in the case and, by an appropriate order, to make them a part of its judgment. The judgment shall be regarded as remaining under the court's control for this purpose.

3. The special findings required by the two preceding paragraphs shall be in the nature of a special verdict, and shall set forth the ultimate facts found from the evidence, but not the evidence from which they are found.

270; *United States* v. *Smith,* 94 U. S. 214, 218–219; *United States* v. *Clark,* 96 U. S. 37, 38–39; *McClure* v. *United States,* 116 U. S. 145; *Union Pacific Ry. Co.* v. *United States,* 116 U. S. 154; same case, 116 U. S. 402; *District of Columbia* v. *Barnes,* 197 U. S. /146, 150; *Brothers* v. *United States,* 250 U. S. 88, 93.

In this case the findings are direct, free from ambiguity, consistent, fully responsive to the issues, and contain nothing indicating that they or any of them are ill-founded in point of law; and the unavoidable conclusion from them is that the judgment is for the right sum, unless there be merit in a contention respecting interest to be noticed later on. So, whether taken by themselves or in connection with the pleadings, they are not open to criticism, unless possibly as to the matter of interest.

A copy of the motion for a new trial and request for amended findings is exhibited with the motion to remand. The motion for a new trial brought nothing new into the case, and the order overruling it is not open to review. The request for amended findings asked that two of the findings be changed—one by including therein matters which at most are plainly evidential and subordinate, and therefore not to be included in a finding of ultimate facts; and the other by increasing the amount found to be just compensation for the vessels at the time they were taken over from $1,500,000 to $4,777,000—more than three times what the court found it to be. Whether one amount or the other was the true one was a question of fact. The court refused to change the finding and thereby affirmed that the fact was as stated therein. This Court cannot re-examine the question, and the fact that the claimant is still dissatisfied constitutes no ground for remanding the question to the Court of Claims for re-examination by it. As part of its request for amended findings the claimant tendered twenty-seven additional findings and asked that they be adopted. All were rejected. There is no showing

that they had been tendered theretofore in conformity to the fifth rule, before quoted; and if that was not done the claimant was not in a position to press them. *United States* v. *Driscoll*, 131 U. S. Appendix clix. As to many, if not all, there are also other reasons why the court was free to reject them. Many state matters which, even if true, are evidential only; some are merely argumentative, and others contain statements having no relation to the issues under the pleadings. It must be held therefore that neither the motion for a new trial nor the request for amended findings gives any support to the motion to remand. Independently of them it lays no foundation for granting what it asks.

The remaining question is whether there should have been an allowance of interest. The vessels were not taken over at the outset, nor until after the compensation had been fixed by the President at $1,500,000, and the officer who was to take them over had been instructed to pay that sum to the claimant on receiving the vessels with proof of ownership and bill of sale. The claimant was advised of this, and possession of the vessels was passed to the officer a few days later. But it developed that the claimant, although theretofore in possession and operating the vessels, was the real owner of only two of them. The claimant then procured bills of sale to it from the owners of the other vessels and executed a bill of sale to the United States for all. This was about two weeks after possession was passed to the officer. The officer was prepared and willing to pay the full $1,500,000 when the bill of sale was delivered to him, but the claimant was not willing to accept it as full compensation. Afterwards the claimant elected to accept three-fourths of it, and to reserve a right to sue for enough more to make full compensation. The three-fourths was then paid. This was about six weeks after the delivery of the bill of sale. The judgment awards the remaining one-fourth as a sufficient

sum, with that already paid, to make just compensation for the vessels at the time they were taken over. In short, while the United States was prepared, willing and offering when the vessels were taken over to pay the sum now adjudged to have been just compensation at that time, the claimant was not then in a position entitling it to demand or receive compensation because as yet it was without a good title and had not executed a bill of sale to the United States; and after it became entitled to compensation it rejected the offer, which was still outstanding, to pay that sum in full payment and elected to accept three-fourths as a partial payment and to take chances on enlarging the compensation by resorting to this suit against the United States. The effort to obtain an enlargement has resulted, as already shown, in establishing that the amount offered and rejected was all that justly could have been demanded. In these circumstances we think such postponement as has occurred in the actual payment of the compensation is attributable entirely to the claimant, and therefore that an allowance of interest to the time of payment is not in this case made essential by the constitutional provision expounded and applied in *Seaboard Air Line Ry. Co.* v. *United States,* 261 U. S. 299, 306, and *Brooks-Scanlon Corporation* v. *United States,* 265 U. S. 106, 123.

*Judgment affirmed.*