Moss, Judge,
delivered the opinion of the court:
On February 20,1928, this court entered judgment in favor of plaintiff, Frank D. Schroth, receiver of the Cape May Real Estate Company, in the sum of $567,621.50, together with interest on the principal sum of $365,500 at the rate of 6 per cent per annum from the date of judgment until paid.
At the time of the taking by the Government of the property involved herein, and at the time of the rendition and entry of said judgment, said property was encumbered with liens of record in a total sum greatly- in excess of the amount of the judgment.
On June 18,1928, and before the issuance of the transcript of judgment, the court, on the motion of the Government, modified said judgment by the addition of the following provision:
“ The transcript of judgment shall not be certified for payment until plaintiff shall have filed in this court releases of the encumbrances set forth in Finding XXVII.”
Thereafter, to wit, on November 28, 1928, plaintiff filed his motion to reform and modify the judgment by striking *384 therefrom the requirement for the filing of releases as provided in the foregoing modification and substituting therefor a provision that the amount recovered by plaintiff under said judgment be distributed by him under direction of the Court of Chancery of New Jersey in accordance with the respective priorities of the several encumbrances enumerated in said Finding XXVII, as they may be ascertained and determined by that court.
In the statement filed in support of this motion it was recited that the holders of all said encumbrances, save one, were willing to execute the necessary releases. The party refusing to do so was the assignee and owner of a judgment in favor of one Peter Shields, and against the Cape May Real Estate Company. It was made to appear that this' judgment is the last in order of priority of the liens then and now existing against said property, and that the entire amount of the judgment will be insufficient to pay the prior liens. The assignee of the Shields judgment filed a motion for leave to intervene, and tendered a petition in which it was represented that the prior liens involved herein are now the subject of controversy and litigation in the New Jersey courts, and asking that certification of the judgment in this case be withheld until the final determination by said courts as to the validity and priorities of said encumbrances. To the petition presented on this motion plaintiff tendered an answer, declaring the incorrectness of the material aver-ments of said petition, and suggesting that all questions of the validity and priority of said liens are proper matters for determination by the courts of New Jersey. This court is in perfect agreement with this view of the case on that point. It has no jurisdiction to determine the question of either the validity or the priority of these liens. The motion of the assignee of the Peter Shields judgment to intervene will be overruled.
It is now apparent that plaintiff can not comply with the modified judgment providing that the transcript of judgment shall not be certified until plaintiff shall have filed in this court releases of these encumbrances, and this situation is occasioned by the action of one only of the several lien holders, and that one holding a claim which, on the face *385 of the record, will probably not participate in the distribution of the proceeds of the judgment. The plaintiff, in his efforts to comply with the judgment as modified, has procured the consent of holders’ o(f liens prior to the Shields judgment aggregating in amount something more than $2,-000,000. They are willing to execute the necessary releases and permit the judgment to be paid into the hands of the plaintiff, the receiver of the New Jersey court, there to be distributed under the direction of the judge of that court. Under the terms of the judgment as modified its collection will be indefinitely postponed, and the Government will have to stand the burden of accumulating charges of interest, and all because this one lien holder is apparently unwilling to have the proceeds of the judgment paid into, the New Jersey court under the express stipulation that same should be distributed under the direction of that court in accordance with the respective rights of the various lien holders as they might be ascertained and determined by said court. In this situation it is the duty of this court to remove the condition, if it may legally be done, which is now operating to prevent the payment of this judgment; and we are confident that this can be done.
In the 1911-1914 Cum. Supp. to the New Jersey Compiled Statutes, p. 1185, title 66-sec. 18b (Eminent Domain), it is provided:
“ In case the party entitled to receive the amount of said judgment shall refuse, upon tender .thereof, to receive the same, or shall be out of the State, or under any legal disability, or in case several parties being interested in the fwnd shall not agree as to the distribution thereof, or in case the lands or other property tahen arre encwnbered by any mortgage, judgment, or other lieny or in case for any other reason the petitioner can not safely pay the amount awarded to any person, in all such cases, on petition to the chancellor, to which shall be annexed a copy of the rule for judgment, the amount of said judgment sh^ll be paid into the court of chancery, by order of the chancellor, and shall there be distributed according to law, on the application of any person interested therein, and written notice given to the owner or owners and to persons interested, that such moneys have been paid into court, shall have the same effect as if the moneys *386 mentioned in said judgment, with costs, had been actually tendered or paid to the owner or persons entitled thereto; and where notice can not be personally served, notice by advertisement in such manner as the chancellor shall direct shall have the same effect.” (Our italics.)
In the case of Crane v. City of Elizabeth, 36 New Jersey Eq. 339 (1882), ivhich involved a controversy over the proceeds of land taken in condemnation proceedings, the court said:
“ But if, in any special case, this owner ought not, in equity, to receive the fund, the court of chancery will, at the instance of any interested complainant, take charge of its proper distribution, and so secure those particular equities which the generality of the statute has left without express protection.”
The decision in this case was cited with approval by the United States Supreme Court in United States v. Dunnington, 146 U. S. 338 (1892), the opinion in which contains the following significant announcement:
“We think the United States discharged its entire duty to the owners of this property by the payment of the amount awarded by the commissioners into court, and that, if there were any error in the distribution of the same, it is not chargeable to' the Government.”
While the New Jersey statute upon which these cases depend could not be held to apply directly to a question of the taking of land by the United States Government, or of proceedings for just compensation under such taking, we are clearly of the opinion that, in the absence of a Federal statute affecting the problem with which the court is confronted, the court may, under strictly analogous reasoning, safely adopt the rule provided by said statute and announced in the foregoing decisions. The judgment will therefore be modified by striking therefrom the language: “ The transcript of judgment shall not be certified for payment until plaintiff shall have filed in this court releases of the encumbrances set forth in Finding XXVII,” and substituting therefor the following provision: “ The amount recovered by plaintiff under this judgment shall be paid to plaintiff as receiver, and distributed by him under direction of the Court *387 of Chancery of New Jersey, in which said receivership is pending, in accordance with the respective priorities of the several encumbrances enumerated in Finding XXYII as they may be ascertained and determined by that court.”
The Government has filed an answer to plaintiff’s motion to reform and modify the judgment opposing said motion, and asking the court to enter appropriate . orders to relieve the Government of the payment of all interest from and after the date of judgment, citing as authority in support of its contention the case of Luckenbach v. United States, 272 U. S. 533.
In the motion to modify the judgment in the particulars hereinabove discussed the Government also moved the court to strike from the judgment the provision for the allowance of interest from the date thereof to the date of payment. This motion was overruled by order entered June 18, 1928, accompanied by the following memorandum:
“ The Government took the property involved herein with full notice of certain encumbrances against same in the form of mortgages gnd judgment liens. See Finding XXVII. The courts have held that the allowance of interest from the time of the taking until payment is a fair and convenient method of determining the amount to which the owner of the land is entitled as just compensation. United States v. Rogers, 255 U. S. 163; Seaboard Air Line Railway v. United States, 261 U. S. 299. Interest is not allowable in this class of cases as compensation for the use or detention of money. It is explicitly allowed as a proper element of just compensation, and considered in that sense it is just as much a part of just compensation as any other factor which enters into its determination. The disallowance of interest on the amount determined as the value of the property at the time of the taking would be a partial denial of just compensation.”
This memorandum expresses the view of the court on that subject, and it is not deemed necessary to further extend the discussion in relation thereto, except to suggest that inasmuch as the delay in the payment of the judgment in this case was, in a controlling measure, occasioned by the original motion of the Government to modify the judgment, the importance of the principle expressed in said memorandum is emphasized. The decision in the Luckenbach ease does not *388 support defendant’s contention on this question. The property seized in that case consisted of certain vessels. The compensation was fixed by the President, and it was then developed that although the claimant was in possession, and was operating said vessels, he was the real owner of only two of them. Claimant then procured bills of sale from the owners of the other vessels, and executed a bill of sale to the Government for all. Claimant declined to accept the award, but electéd to accept three-fourths thereof and to sue for what he regarded as just compensation. The judgment was for a sum equal to the remaining one-fourth of the original award. Inasmuch as claimant recovered no more than the award, which he could have collected at the time of the award, it Avas very properly held that he was not entitled to interest. The difference between that case and the case under consideration seems too obvious for discussion. The motion of defendant will be overruled.
SiNNott, Judge; Greek, Judge; Graham, Judge; and Booth, Chief Justice, concur.