## MILTON v. UNITED STATES.
### No. 9851.

Circuit Court of Appeals, Fifth Circuit.

June 9, 1941.

Philo Coco, of Marksville, La., for appellant.

Malcolm E. Lafargue, U. S. Atty., and John A. Patin, Asst. U. S. Atty., both of Shreveport, La., and Julius C. Martin, Director, Bureau of War Risk Litigation, Department of Justice, Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Fendall Marbury, Sp. Atty., Department of Justice, all of Washington, D. C., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought this suit to recover on a policy of war risk insurance issued by the United States while he was in service. No premiums were paid after his discharge in 1919 but he alleged the policy had matured by reason of his total and permanent disability, occurring while the policy was in force. The suit was dismissed on the ground that it was filed too late, we reversed that judgment and returned the case to the District Court for a trial on the merits. Milton v. United States, 5 Cir., 105 F.2d 253. The case was then tried to a jury and resulted in a verdict for the United States. Appellant filed a motion for a new trial, which was overruled. He then appealed from the order denying the motion for a new trial, contending that was a final judgment. The United States has moved to dismiss the appeal on the ground the overruling of the motion for a new trial was not a final decision appealable to this court, under the provisions of Judicial Code § 128, 28 U.S.C.A. § 225. In support of this motion Luckenbach S. S. Co. v. United States, 272 U.S. 533, 47 S.Ct. 186, 71 L.Ed. 394 is cited.

The case presents unusual features. A judgment is final for the purpose of appeal when it terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined. Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L. Ed. 204. The overruling of a motion for a new trial is not a final judgment within the meaning of Judicial Code 128, fixing our appellate jurisdiction in cases of this kind. On the other hand, there could be no doubt the verdict of the jury and the overruling of the motion for a new trial together constitute a final determination of the merits of the case. It does not appear the judge gave any directions in regard to the entering of the judgment. Other than that, there was nothing further for the judge to do. Under the provisions of Rule 58, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it was the duty of the clerk to enter judgment upon the verdict. This should have

796

been done promptly after the motion for new trial was overruled. Apparently, the clerk did not do so. The rules of civil procedure were adopted to abolish technicalities and to expedite the due administration of justice. A complete record, including all the evidence, is before us. We have carefully examined that record and find no reversible error. If appellant had appealed as from final judgment before the clerk entered the judgment it would have been premature but that would not have required the dismissal of the appeal. See Luckenbach S. S. Co. v. United States, supra. That appellant has mistakenly appealed from the order overruling the motion for a new trial in this case may be considered purely a technicality. In the interests of justice and to avoid prolonging the litigation for no good purpose, without intending to create a precedent, we consider we may disregard the motion to dismiss the appeal and decide the case on the merits.

As no reversible error appears from the record, the judgment is affirmed.