**HAMILTON v. UNITED STATES.**

**No. 8534.**

United States Court of Appeals,
District of Columbia.

Argued Dec. 14, 1943.

Decided Jan. 24, 1944.

Mr. Chauncey D. Artis, of Washington, D. C., for appellant.

Mr. John P. Burke, Assistant U. S. Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant U. S. Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

On November 7, 1942, appellant was convicted for soliciting for the purpose of prostitution. On November 11th she filed a motion for a new trial on the ground of newly discovered evidence. On November 13th, while the motion for a new trial was pending, she filed notice of appeal. On November 18th the motion for a new trial was overruled. Thereupon she filed a statement of errors claimed, which assigned, as one error, the denial of the motion for a new trial. The Municipal Court of Appeals, one judge dissenting, dismissed the appeal on the ground that the notice of appeal was filed while the motion for a new trial was pending.

It is clear that no appeal can be heard while a motion for a new trial is pending because the judgment at that time has not become final. Hence the notice of appeal in this case was prematurely filed. However, once the motion for a new trial has been overruled no further reason exists for dismissing the appeal. To treat the notice of appeal as a nullity because it was prematurely filed would be contrary to the

spirit of the Act providing for appeals of right from the Municipal Court to the Municipal Court of Appeals by introducing a technical procedure wholly out of place in the case of minor offences, where the accused is frequently without the benefit of counsel. In the case of Luckenbach S. S. Co. v. United States, 1926, 272 U. S. 533, 47 S.Ct. 186, 187, 71 L.Ed. 394, the Supreme Court, refusing to dismiss an appeal in an identical situation, said:

"* * * The only infirmity suggested is that the application was premature in that it was made before the motion for a new trial and amended findings was disposed of. It is true that with that motion pending the judgment was not so far final as to cause time to run against the right to appeal, United States v. Ellicott, 223 U.S. 524, 539, 32 S.Ct. 334, 56 L.Ed. 535. But while the application was thus premature it was not a nullity. Evidently it was intended to be pressed only if and when the motion for a new trial and amended findings was denied. The court so regarded it, and therefore gave effect to it after disposing of the pending motion. That this was right is shown in Ex parte Roberts, 15 Wall. 384, 385, 21 L.Ed. 131."

The Municipal Court of Appeals was, therefore, in error when it dismissed the appeal because of a premature filing of the notice.[1]

In addition to dismissing the appeal the opinion of the Municipal Court of Appeals considered the grounds of error on their merits, and indicated, one judge dissenting, that no reversible error had been committed by the court below. In order to review this ruling we must consider the evidence in detail.

Appellant was arrested Friday night, convicted Saturday morning. The sole evidence against her was the testimony of a police officer that he had been walking down the street when appellant called to him, saying, "You had better go on down street, because the girls down here all know that you are a policeman". He replied, "Are you kidding, I'm no policeman". Whereupon, according to the officer's testimony, appellant solicited him. He stated that immediately thereafter he hailed a passing police car and put appellant into it.

Appellant denies any solicitation. She testified that three officers drove up in a police car, called her over to the car, pushed her in and searched her pocketbook, finding lottery tickets for the possession of which she was criminally convicted on another information. An admission by the arresting officer that he had information that appellant peddled "dope" provides a plausible reason why the incident might have occurred in this way.

The entire offense consists of an oral invitation alleged to have been given to the police officer who arrested the appellant. It was induced by the officer's misrepresentation of his official capacity. While this is not entrapment, nevertheless it is the kind of a case in which a careful prosecutor should offer corroborating testimony if the record shows it exists. Yet, although it appears that the two officers in the police car might have partially corroborated, or impeached, the arresting officer's version of the incident, neither the prosecution nor the trial judge saw fit to inquire into this evidence. The conviction was allowed to rest solely on the unsupported word of the arresting officer against the unsupported word of the appellant.

With this kind of a record against her, appellant was released on bail on the Monday following her conviction on Saturday. She immediately obtained affidavits from two witnesses who had not been produced at the trial. Her own affidavit asserted that she had not subpoenaed one of these witnesses because she thought she was in the hospital, and that she did not know

---

[1] Nothing in our decision in Southland Industries, Inc. v. Federal Communications Commission, 1938, 69 App.D.C. 82, 99 F. 2d 117, can justify dismissal of this appeal. The Southland Industries case was an appeal from an administrative decision and the court pointed out that the rule of the Luckenbach case did not control. Moreover, the actual result in the Southland Industries case is consistent with the one we reach here. The appeal was taken while a petition for rehearing was pending before the Federal Communications Commission, and this petition was never granted or denied. Although the Commission dismissed the petition for rehearing after appeal was filed, this Court held that such dismissal was erroneous and, therefore, the petition for rehearing was still pending at the time the case was heard in this Court. Under such circumstances there was, of course, no final order for us to review at the time the appeal was heard.

th< other had seen the incident. The affidavits were as follows:

## "Affidavit of Marie Belt

"I, Marie Belt, being first duly sworn according to law, depose and say that I am in the Hospital and that I told the defendant, Georgiana Hamilton, Friday night that I was expecting to go to the Hospital to give birth to a baby; that I had talked with her just before a car drove up and called Georgiana to it; that I saw one of the men snatch her pocket book, look in it, push her in the car, and drive away; that I am a married woman, the mother of four children, with no police record."

## "Affidavit of Thelma Matthews

"I, Thelma Matthews, being first duly sworn according to law, depose and say that I saw Georgiana Hamilton when she was called to a car occupied by certain police officers on Friday night, November 6, 1942; that I saw one of them grab her pocket book and push her into the car; that Georgiana did not know that I saw what happened until she was released on bond, Monday, November 9, 1942."

A motion for a new trial based on these affidavits was denied. The trial judge certified that he did not consider the affidavit of Marie Belt as an offer of newly discovered evidence since this testimony was known to the defendant at the time of the trial. The fact that appellant thought Marie Belt was in the hospital should have caused her to move for a continuance on the ground that a witness was unavailable. This is a somewhat harsh ruling considering the fact that the defendant was tried in the morning for an offense committed the previous night. By itself we cannot say that it was an abuse of discretion. It should, however, be considered in connection with the court's ruling on the other affidavit.

The certificate of the trial judge showed that he refused to consider the affidavit of Thelma Matthews as a sufficient disclosure of newly discovered evidence for the following reasons:

"That the testimony of the arresting officer was that he had been solicited by the defendant and had placed her under arrest; that at the time of the arrest a police cruiser was driving past and witness hailed it and put the defendant into the car and took her to No. 4 police station; that the affidavit of Thelma Matthews did not aver where she was at the time; did not deny or contradict the testimony of the officer that he had been solicited by the defendant; that it simply averred that she saw one officer grab the pocketbook of the defendant and push her into the car. I ruled that the car into which Thelma Matthews swears she saw the defendant pushed *could* have been the police cruiser testified to by the arresting officer, and that the officer whom Thelma Matthews swears pushed the defendant into the car *could* have been the arresting officer pushing the defendant into the police cruiser after he had been solicited and after he had arrested the defendant. I stated that in my opinion the evidence of Thelma Matthews, as set forth in the affidavit, was not such as ought to produce a different result on the merits on another trial." (Emphasis added.)

This does not seem to us a correct evaluation of the statement of Thelma Matthews as new evidence. It involves the assumption that she had considered and deliberately omitted to deny in detail the testimony of the arresting officer. On the basis of that assumption the trial court concluded that the affidavit "could" be consistent with the arresting officer's testimony. Such a construction of Thelma Matthews' statement seems so narrow that it can hardly be justified without giving the witness a chance to explain the possible ambiguities in her affidavit. The construction appears more improbable when read in connection with the affidavit of the other proposed witness, Marie Belt, which directly contradicts the officer's story and confirms what seems to us the natural interpretation of the statement of Thelma Matthews.

An affidavit of newly discovered evidence in a criminal case should be construed fairly to the accused. Ambiguities should not be resolved in favor of the prosecution without inquiry of the proposed witness. This is particularly true in a case where the sole evidence to support a conviction is the word of the arresting officer, and where in addition the prosecution without any apparent reason has declined to produce corroborating evidence which the record shows might have been offered. Under such circumstances

682

we think it was an abuse of discretion when the trial court indulged in a hypothetical interpretation of the statement of newly discovered evidence in order to make it consistent with the testimony it was intended to rebut.

■ In the ordinary case the denial of a motion for new trial is non-appealable. Luckenbach S. S. Co. v. United States, 1926, 272 U.S. 533, 47 S.Ct. 186, 71 L.Ed. 394. The reason for that rule is that the court may consider the evidence and the rulings of the trial on appeal from the judgment itself. A motion for a new trial based on newly discovered evidence rests on a different basis. In such a case the newly discovered evidence does not appear on the record supporting the judgment, and the only possibility for review of the court's ruling lies in an appeal from the denial of the motion for a new trial. Therefore, it is a settled rule of this court that the refusal to grant a new trial on the ground of newly discovered evidence may be ground for reversal where an abuse of discretion appears.[2] Denial of a motion for a new trial in this case was one of the errors claimed in this appeal.

The judgment is therefore reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

[2] District National Bank v. Maiatico, 1932, 61 App.D.C. 242, 60 F.2d 1078; Fitzgerald v. Dodson, 1928, 58 App.D.C. 150, 26 F.2d 522; Mandes v. Midgett, 1919, 49 App.D.C. 139, 261 F. 1019; Luke v. United States, 5 Cir., 1936, 84 F.2d 711.