**CARR v. DIXIE REALTY CO., Inc., et al.**

**No. 487.**

Municipal Court of Appeals for the District of Columbia.

April 25, 1947.

James Carr pro se.

Julius Aronoff, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff-appellant brought suit for one-half of the brokerage commission on a sale of real estate effected by defendants-appellees. The trial court, sitting without a jury, found for defendants. This appeal was taken both from the judgment in favor of defendants and from the refusal of the trial court to grant a new trial.

The evidence was sharply conflicting. Plaintiff, who had a non-exclusive listing for the sale of property and who had advertised it, claimed that the individual defendant, a salesman for the corporate defendant, had seen one of plaintiff's advertisements and had telephoned him and obtained the name of the owner of the property and other details after first promising to divide the commission equally in the event a sale was made. The individual defendant, on the other hand, together with the president of the corporate defendant, denied plaintiff had ever communicated with them and stated they had obtained a non-exclusive listing on the property from its owner as a result of communications with other parties which they detailed. It was undisputed that the actual sale was completed through defendants. Thus there was presented to the trial court a typical case involving the credibility of witnesses. There being ample evidence to support the judgment, we are not at liberty to disturb it.

The trial was completed and judgment rendered without any offer of rebuttal testimony by plaintiff, who was represented by counsel. Thereafter plaintiff himself, appearing in proper person, filed a motion for a new trial on various grounds. The only one of such grounds requiring mention is the statement in the motion that "plaintiff has discovered new evidence which when presented to the court will materially affect its judgment in the matter." At the hearing on the motion no affidavits were presented, but plaintiff stated that he expected to show that the individual defendant had offered the property for sale to a woman whom he did not name prior to the date on which defendants obtained the listing from the owner of the property. No adequate explanation was offered as to why such evidence had not been obtained prior to the trial, nor was the prospective witness produced at the hearing.

As has been frequently stated, the granting or refusing of a new trial presents a question for the exercise of the sound discretion of the trial court. Under similar circumstances, we have held that such discretion was not abused.[1] Our ruling here is the same.

Affirmed.

[1] Platt v. Platt, D.C.Mun.App., 51 A. 2d 179; Carpenter v. District of Columbia, D.C.Mun.App., 32 A.2d 251, and cases cited therein.