### HOOVER et al. v. BABCOCK et al.
### No. 503.

Municipal Court of Appeals for the District of Columbia.

June 18, 1947.

John G. Saul, of Washington, D. C., for appellants.

Harry L. Ryan, Jr., of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Plaintiffs sued for damages for alleged unlawful eviction from an apartment. The trial court ruled against them and they have brought this appeal.

At the outset we are confronted with the fact that the appeal was noted, not from the judgment itself but from an order overruling plaintiffs' motion for new trial. In this jurisdiction it is settled beyond question that the granting or refusal of a new trial is not subject to reversal, save when a clear abuse of discretion is shown.[1] In this record there is not even the slightest showing of an abuse of discretion.

But even if (despite the precise words of the notice of appeal) we could treat the appeal as having been taken from the judgment itself, an affirmance on the merits would necessarily follow, for appellants have shown no grounds for reversal. Before considering the merits, however, we must point out another serious procedural error made by appellants. They have failed to file a statement of errors as required by our Rule 20, which provides:

"At the time of filing the designation of record * * * the appellant shall file a statement of the errors claimed to have occurred in the trial court and upon which he intends to rely on appeal."

---

[1] Among the many cases to this effect are District Nat. Bank v. Maiatico, 61 App.D.C. 242, 60 F.2d 1078; Carr v. Dixie Realty Co., D.C.Mun.App., 52 A.2d 503; W. T. Cowan, Inc. v. Wagshal, D.C. Mun.App., 47 A.2d 94.

Thereby they also failed to comply with Rule 27(e); and also with Rule 21(g) which provides that the statement of errors shall *always* be included in the record on appeal. They also made the same omission in their brief, in violation of our Rule 35(4) which requires that every brief for appellant shall contain a statement of errors.

We do not say that these omissions necessitate a dismissal of the appeal,[2] though the omission from the brief would probably have been ground for striking the brief in its entirety. But we do emphasize that these rules were promulgated for a specific purpose and must be observed. The statement of errors is the basic guide for counsel and the trial court in preparing the statement of proceedings and evidence. (That is why we have prescribed that it be filed at the same time as the designation of record.)[3] It is also the guide for appellant as well as appellee in preparing their briefs on appeal. It is also our initial and sometimes principal guide in considering the questions before us. It is one of the oldest and most familiar traditional assurances of an orderly approach to appellate review. When it is lacking it makes for confusion, causes unnecessary uncertainty for all concerned, and tends to obscure the issues on appeal.

In this case we obtained a summary of appellants' reasons for urging reversal, by eliciting it from their counsel on oral argument. He claimed (1) that the trial court erred in holding that there had been no unlawful interference with appellants' possession; (2) that the trial court ruled incorrectly on the question of abandonment, and (3) that the finding was contrary to the weight of the evidence and was not supported by the burden of proof.

■ As to the third point, it is not our function to weigh evidence; and if appellants mean to complain that the trial judge erroneously placed the burden of proof upon them, the record does not reveal any such ruling.

■ Nor, as to the first two points, does the record reveal that the trial judge made the rulings complained of, or indeed any specific rulings. The finding was a general one; and though the statement of evidence which is presented to us is extremely skimpy, we think it shows that the finding was sufficiently supported by the evidence. In any event it reveals no error by the trial judge.

■ It adds up to this: Appellants are before us demanding a reversal but completely failing to justify that demand. We must therefore hold that they have not discharged the burden which the law places upon every appellant of affirmatively establishing error.[4]

Affirmed.

---

[2] See Pence v. United States, 7 Cir., 121 F.2d 804.

[3] Lee v. United States, D.C.Mun.App., 40 A.2d 250.

[4] Morris v. District of Columbia, 75 U. S.App.D.C. 82, 124 F.2d 284; Mitchell v. Ralph D. Cohn, Inc., D.C.Mun.App., 52 A.2d 631; Barrett v. Adkins Furniture Co., D.C.Mun.App., 43 A.2d 44.