DISTRICT OF COLUMBIA, Appellant,

v.

Marvin F. BOSLEY, Appellee.

No. 2788.

Municipal Court of Appeals for the District of Columbia.

Argued May 22, 1961.

Decided Aug. 1, 1961.

John R. Hess, Asst. Corp. Counsel, Washington, D.C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Prin. Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant.

Albert D. Brault, Washington, D. C., with whom Laurence T. Scott, Washington, D. C., was on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

Appellee Bosley was charged with two traffic offenses, namely, operating without a driver's license and "turning from a wrong lane." After trial had commenced and some prosecution testimony had been received, the government entered a nolle prosequi on the charge of turning from the wrong lane. A new information was immediately thereafter filed charging appellee with "changing lanes without caution." Trial was then had on the new information and on the information charging operating without a permit. At the conclusion of the trial appellee was acquitted on the charge of operating without a permit, but convicted on the charge of changing lanes without caution and sentenced to pay a fine of $25.[1]

Three days later appellee applied to this court for allowance of an appeal, claiming, among other things, that he had been twice placed in jeopardy for the same offense.[2] Four days after filing his application here, and while his application was still pending here, appellee filed a motion in the trial court for judgment of acquittal or, in the alternative, for a new trial, alleging there, as he had here, that the trial on the second information was a violation of his constitutional protection against double jeopardy. On October 5, 1960, this court denied the application for allowance of an appeal. Thereafter, on December 30, 1960, the trial court entered an order granting appellee's motion for judgment of acquittal on the ground of double jeopardy, and set aside the judgment of conviction and discharged appellee. The government has ap-

---

1. Execution of sentence was thereafter suspended and appellee placed on probation.

2. Review by this court of judgments of the Criminal Division of the Municipal Court,

where the penalty imposed is less than $50, is had by application for allowance of an appeal, and such application must be filed within three days from judgment. Code 1951, 11–772(a).

pealed from this order, asserting that the trial court lacked authority to enter it.

■ We are first met by appellee's contention that the government has no right of appeal in a criminal case from a judgment of acquittal. We think the government properly answers this contention by saying that this appeal is primarily from the order vacating the judgment of conviction and that if such order was entered without authority then the government has a right to appeal.

Appellee also argues that, if the government may appeal from the order, this appeal is governed by the portion of the statute referred to in footnote 2, and can be only by application for appeal; and that no application for appeal was timely filed by the government. Again, we think the government properly answers by saying it is not appealing from a judgment wherein the penalty imposed is less than $50, but is appealing from an order vacating such a judgment and such appeal is by right and not by application.

Turning to the merits of the appeal we find the question to be this: Did the trial court have authority to enter the order vacating the judgment of conviction and granting judgment of acquittal? For reasons hereafter stated we are of opinion it had no such authority.

■ When appellee was convicted, he had the right to file a motion in the trial court asking for a judgment of acquittal or for a new trial. Such a motion timely filed would have extended the time for seeking an appeal, because until disposition of that motion judgment would not be final.[3] Appellee did not file such a motion but, instead, filed application for allowance of an appeal by this court. In so doing appellee

recognized the finality of the judgment because, with exceptions not here pertinent, review by this court is limited to final judgments. It may be said that appellee by applying for an appeal waived his right to file post trial motions in the trial court. Nevertheless, while his application was pending here, appellee filed such a motion. Clearly the trial court had no authority to grant that motion while the application for appeal was pending.

■ Appellee argues that when this court denied the application, the result was that this court never assumed jurisdiction of the case, and that the trial court was then free to act on the pending motion. We cannot accept this argument. When application for allowance of an appeal is filed, this court takes—it must take—jurisdiction of the case in order to determine whether an appeal will be allowed. And the statute provides that if the three judges of this court "shall be of the opinion that an appeal should be denied, such denial shall stand as an affirmance of the judgment of the trial court, from which there shall be no further appeal." [4]

■ By the very words of the statute our denial of the allowance of the appeal stood "as an affirmance of the judgment of the trial court." After our action had affirmed the judgment, the trial court then had no power to vacate and set aside the judgment. "Such a practice would authorize the appellate process to be exercised in an advisory capacity while the trial court, regardless of appellate decision, could set aside all that was the basis of appeal." United States v. Smith, 331 U.S. 469, 474, 67 S.Ct. 1330, 1333, 91 L.Ed. 1610.[5]

The order setting aside the judgment of guilty and discharging appellee is reversed.

---

3. Hamilton v. United States, 78 U.S.App. D.C. 316, 140 F.2d 679.

4. Code 1951, § 11–772(a).

5. See also Mays v. Burgess, 80 U.S.App. D.C. 236, 152 F.2d 123, Morfessis v. Hollywood Credit Clothing Co., D.C.Mun. App., 163 A.2d 825.