## Smith's Estate.   Alward's Appeal.

*Gift inter vivos—Burden of proof—Clear and convincing evidence—Fiduciary relation.*

1. The burden is upon one who, after the death of the alleged donor, claims moneys as a gift to show an executed gift by clear and convincing evidence.   The execution of the purpose to give, that is, by delivery, may be shown either by the declarations or admissions of the alleged donor, or it may be gathered from his acts when accompanied by other indicia of a gift, but whether in one way or the other, or both, the evidence must disclose a clear and unmistakable intention on the part of the donor at the time to withdraw or surrender his dominion over the subject of the gift.   These rules apply with increased strictness where the claimant stood in a fiduciary relation to the alleged donor.

2. An administrator, a grandson of the decedent, will be surcharged with a balance of moneys which came into his possession as attorney-in-fact of his decedent prior to her death, where it appears that one-half of the sum so received was paid over to the decedent in her lifetime by a check of the accountant and the balance is claimed by the accountant as his own property, by gift from decedent; and where the only evidence to establish such gift was a writing of. the decedent not under seal without consideration, by which she did "hereby agree to give, transfer and set over to" the accountant one-half of the sum received by him for her, and the acceptance by the decedent of the check for such one-half.

Argued April 22, 1912.   Appeal, No. 301, Jan. T., 1911, by Forest J. Alward, administrator, from decree of O. C. Erie Co., Feb. T., 1911, No. 51, dismissing exception to adjudication in the Estate of Maria Smith, deceased. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Adjudication of administrator's final account.   Before A. B. Osborne, Esq., Auditor.

The facts. appear by the opinion of the Supreme Court.

. The auditor filed a report of distribution showing a surcharge against the accountant of $2,345.75, which report was confirmed.

*Errors assigned*, among others, were in dismissing exceptions to auditor's findings of fact and conclusions of law and in confirming the report.

*É. L. Whittelsey*, with him *James R. Andrews*, for appellant.—Dulle's Est., 218 Pa. 162; Grover v. Grover, 41 Mass. 261; Bedell v. Carll, 33 N. Y. 581; Michener v. Dale, 23 Pa. 59; Uhlich v. Muhlke, 61 Ill. 499; Basket v. Hassell, 107 U. S. 602 (2 Superior Ct. Repr. 415).

*H. C. Yard* and *T. A. Lamb*, for appellees, cited: Stewart's Est., 137 Pa. 175; Walsh's App., 122 Pa. 177.

Opinion by Mr. Justice Stewart, July 2, 1912:

In the adjudication of his final account as administrator of the estate of Maria Smith, deceased, appellant was surcharged with the sum of $2,345.75 for money which, as the court found, belonged to the estate of his decedent, and which was unaccounted for.   The appeal is from this decree of surcharge, and its correctness is the only matter for our consideration.   The appellant was a grandson of Maria Smith, and for nearly a year before the latter's death, he had held a written power of attorney as her attorney in fact.   It does not appear what duties he discharged or what service he rendered as such attorney, but since Maria Smith was absolutely without property, except as she was entitled to share in the estate of a deceased·son, then in process of settlement, it may be assumed that what-

ever he did was in connection with the settlement of that estate. The money with which he is here surcharged was derived by Maria Smith from that estate. Upon her death in February, 1908, letters of administration upon her estate were granted to the appellant. The account which was before the court for adjudication was his second and final account. The contention which resulted in the surcharge arose on the following facts. On January 13, 1908, a month preceding the death of Mrs. Smith, the attorney who represented her in the settlement of her son's estate, James R. Andrews, Esq., received as her share in the estate a check from the Erie Trust Company for $4,571.50, payable to his order as "attorney for Maria Smith." Mr. Andrews indorsed the check as follows: "Pay to the order of Maria Smith, James R. Andrews, attorney for Maria Smith," and delivered it to Mrs. Smith. The same day Mrs. Smith indorsed the check, "Pay to the order of F. J. Alward, attorney in fact, Maria Smith," and delivered it to appellant, who indorsed the check "F. J. Alward, attorney in fact," and deposited the full amount to his own credit in the trust company. Appellant then drew his individual check in favor of Mrs. Smith for $2,225.75, part of the $4,571.50 which he had received as her attorney in fact. All this occurred on the same date, 13th January, 1908. Appellant's check in favor of Mrs. Smith was deposited to her credit in the trust company seven days thereafter, three weeks prior to the death of Mrs. Smith. That the difference between the amount received by the appellant in this transaction as attorney in fact and the amount paid thereout to Mrs. Smith does not enter into the account as filed by him, is not disputed. So far as his account shows he did not consider this difference as any part of the decedent's estate, but regarded it as his own property. And this was the claim asserted by him when the surcharge against him was demanded. In support of this claim he produced a paper signed by

Mrs. Smith, of which the following is a copy: "Edinboro, Pa. 4-8-07. I, Maria Smith, party of the first part, do by these presents hereby agree to give, transfer and set over to Forest Jerome Alward, party of the second part, fifty per cent, or one-half of whatever I receive from the estate of my deceased son E. C. Gibson." Relying upon the sufficiency of this paper to invest him with the ownership of one-half the fund he received as attorney in fact, appellant made no return of it. The insufficiency of the paper for such purpose is too manifest to call for discussion. The paper does not by its terms purport to be a present, gift, or investiture. The language is, "I ...... do hereby agree to give, transfer and set over, etc." Interpreted by its own terms it is but an expression of a purpose to make a gift in the future. It expresses no consideration, is unsealed, and was therefore revocable at the pleasure of the party signing it. The actual giving and transferring necessary to make it a gift remained in fieri, and without actual delivery of the subject of the proposed gift it was nudum pactum. The one question in the case is, was the paper followed by an actual delivery? If it was, then appellant stood on solid ground in declining to account for anything derived by Mrs. Smith from the estate of her deceased son. The one-half of the distributive share awarded her from her son's estate, and which came into his hands as her attorney in fact, had been paid over to her in her lifetime. So much of the fund therefore in its specific character was not to be accounted for. The residue was to be accounted for, except as the accountant could show an executed gift of it to himself; and the burden of so showing was upon him. First as to the measure of proof required in such cases. We have said in Fross's App., 105 Pa. 258, that the evidence of a gift inter vivos must, after the death of the alleged donor, be clear and satisfactory; and in Wise's Estate, 182 Pa. 168, that it is required to be clear and convincing. Nu-

merous other cases might be cited to show that a mere preponderance of evidence will not suffice to sustain a gift where the question arises after the death of the alleged donor. The execution of the purpose to give, that is, by delivery, may be shown either by declarations or admissions of the alleged donor, or it may be gathered from his acts when accompanied by other indicia of a gift; but whether in one way or the other, or both, the evidence must disclose a clear and unmistakable intention on the part of the donor at the time, to withdraw or surrender his dominion over the subject of the gift. Except as such intention is shown to accompany the act relied on, the delivery is incomplete. In the present case no verbal expressions of the testatrix in connection with the alleged delivery were shown, and appellant's whole case rested upon a single undisputed circumstance—the acceptance by Mrs. Smith of appellant's check for the one-half the sum received by him as her attorney in fact—a circumstance which would be entirely without significance as evidence except for its correspondence with her earlier promise in writing to give the appellant the one-half of the total sum she might receive from her son's estate. Thus associated, the most that can be urged for the combined effect would be, that if Mrs. Smith intended by the acceptance of the check to indicate her relinquishment of all claims to what remained of the fund in the hands of her attorney in fact, the method adopted was adequate to the end. Such may have been her intention, but with no degree of certainty could we derive the fact of intention from this mere circumstance standing alone, not reinforced by any verbal expressions from her, or other corroborating facts. The question at once arises in the mind, if this was intended as an act of delivery, why did the donor adopt any such vague and equivocal method of asserting it when so many more direct, unqualified and equally convenient methods were open to her? To invest the ordinary pur-

chaser of personal property with right of ownership as against third parties, the law requires that the vendor shall have done everything in his power to effect a delivery to his vendee.   Shall we say that any less stringent rule is required for the protection of dead men's estates against claims resting upon alleged gift?   It is quite true that the acceptance of the appellant's check for the one-half the fund is entirely consistent with his present claim: but the question is, what does it prove?   It is not enough that it be consistent with the claim made; the act to be effective must show unequivocally an intention thereby to invest the donee with the right of disposition beyond the recall of the donor.   And herein the appellant's case fails.   The rules we have asserted are to be applied with increased strictness when the claimant stands in such relation to the alleged donor as here existed between Mrs. Smith and the appellant.   Not only so, but a much heavier burden with respect to the sufficiency of evidence rests upon the claimant because of the relation.   The burden is on him to show that the gift was executed fairly, advisedly, and that no advantage was taken of the donor in its procurement.   Upon this feature of the case we need not enlarge, since, without regard to it, the evidence in support of the gift was clearly insufficient.

The contention that the matter of the surcharge was res adjudicata because a like effort had been made in connection with adjudication of appellant's first account and failed, is without merit.   The record discloses the fact that the question was not then passed upon, but was expressly reserved for consideration with the final account.

The assignments of error are overruled, and the decree is affirmed at the cost of appellant.