## MANDES v. MIDGETT.

(Court of Appeals of District of Columbia. Submitted November 4, 1919. Decided December 1, 1919.)

### No. 3272.

1. MASTER AND SERVANT ⊙⟹302(1)—AUTOMOBILE DRIVER'S ACT CREATING LIABILITY FOR INJURY TO THIRD PARTY.

One engaged to make deliveries for another, who furnished an automobile for the purpose, *held* properly found by jury to have been engaged in his duties in going to a filling station for gasoline shortly after completing deliveries, but before returning with car, so as to render employer liable for injuries to one struck at the station.

2. MASTER AND SERVANT ⊙⟹330(3)—AUTOMOBILE DRIVER INJURING THIRD PARTY SHOWN TO BE SERVANT OF OWNER.

Conflicting evidence *held* to warrant a verdict that the driver of an automobile, which struck plaintiff, was defendant's servant, and not the owner of the car.

3. TRIAL ⊙⟹260(1)—REQUESTS COVERED BY OTHER INSTRUCTIONS PROPERLY REFUSED.

Refusal of requested instructions, fully covered by other instructions, is not error.

4. APPEAL AND ERROR ⊙⟹981—DENIAL OF NEW TRIAL NOT DISTURBED UNLESS DISCRETION IS ABUSED.

Refusal to grant a new trial on the ground of newly discovered evidence will not be disturbed on appeal, except where there is a manifest abuse of discretion.

5. NEW TRIAL ⊙⟹104(1)—REFUSAL FOR NEWLY DISCOVERED CUMULATIVE EVIDENCE DISCRETIONARY.

The trial court did not abuse its discretion in refusing defendant a new trial on the ground of newly discovered evidence, which was largely cumulative in nature.

Appeal from the Supreme Court of the District of Columbia.

Action by Thomas O. Midgett against Louis Mandes and another. Judgment for plaintiff against defendant Mandes, the action having abated as to defendant Suraci on account of his death, and defendant Mandes appeals. Affirmed.

E. F. Colladay and H. S. Barger, both of Washington, D. C., for appellant.

E. S. Duvall, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This action was brought by appellee, plaintiff below, in the Supreme Court of the District of Columbia to recover a judgment for damages for personal injuries. The suit was brought jointly against defendant Mandes and one Suraci. Suraci died before the case came on for trial, and the action abated as to him.

It appears that Mandes, at the date of the accident, September 9, 1916, was conducting a lunchroom business in the city of Washington. On the morning of that day he engaged Suraci to deliver supplies to three of his restaurants, located in different sections of the city. In doing this work Suraci used an automobile, which Mandes had for

⊙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that purpose. After making the deliveries, Suraci, who was engaged in the oyster and fish business, went to his place of business, took one of his employés with him, and proceeded to a gasoline filling station to procure a supply of gas for the car. In entering the station he struck plaintiff and ran over him, inflicting the injuries here complained of.

[1] The first defense is based upon the ground that, assuming that the relation of master and servant existed between Mandes and Suraci, the servant deviated from the course of the master's business in going to the supply station for gasoline, and that in so doing he was not engaged in performing the duties assigned him by Mandes, and for any accident occurring as a result thereof Mandes could not be held liable. We think this contention is untenable; since defendant had delegated Suraci to make the deliveries in question and furnished him the means, to wit, the automobile, with which to make them. It was while engaged in this work, or shortly after its completion, but before the return of Suraci to Mandes' place of business, that Suraci went to the gasoline station where the accident occurred. We think the evidence fully supports the inference that the trip to the filling station was incidental to the use of the automobile in connection with the performance of defendant's business. This issue of fact was submitted to the jury under careful instructions by the court, and the jury found against the defendant. No reason is disclosed in the record for disturbing its conclusion.

[2] A second defense was interposed by Mandes, on the ground that a day or two previous to the date of the accident he had entered into an agreement for the sale of the automobile to Suraci, and therefore Suraci on the day in question was using his own car, making the deliveries, not as an employé or servant of defendant, but as an accommodation. The car had not been delivered to Suraci, and, according to Mandes' testimony, when Suraci started to make the deliveries on the morning in question he instructed Suraci, when he got through, either to return the car or to keep it. On this defense, which is purely a question of fact, Mandes' own testimony is contradictory. There is a decided conflict in the evidence both of the witnesses and the inferences to be drawn from the circumstances disclosed by the record. As in the first defense, the issue was presented to the jury under careful instructions, and the jury found against defendant. We find no reason, from an examination of the record, to disturb their verdict.

[3] Objection is made by counsel for defendant to the refusal of the court to grant certain prayers submitted at the trial. We deem it unnecessary to consider these objections in detail, since the material points covered in the prayers refused were fully covered, either in other prayers requested by the defendant and allowed by the court, or in the instructions given by the court.

[4, 5] Error is assigned in the refusal of the court to grant a new trial because of certain alleged newly discovered evidence. An examination of the affidavits in support of this motion discloses that what is referred to as the newly discovered evidence is largely cumulative of evidence adduced at the trial and passed upon by the jury. But,

aside from this, the settled rule of the federal courts is that the refusal of a trial court to grant a new trial because of newly discovered evidence will not be disturbed, except in a case where there is a manifest abuse of discretion, and no such case is presented in this instance.

The judgment is affirmed, with costs.

Affirmed.