## CHARLES SYSTEM, Inc., v. JULIANO.
### No. 5792.

Court of Appeals of the District of Columbia.
Decided July 24, 1933.

John W. Price, David A. Pine, and Rees B. Gillespie, all of Washington, D. C., for appellant.

Thomas M. Baker and Milton Conn, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal in a negligence case growing out of a collision between a rented motorcar and a pedestrian at a street corner in the city of Washington. The pedestrian, Libara Nasella, was plaintiff below, and his administratrix is appellee here; the defendants below were the Charles System, Incorporated, a motor livery company, owner of the car, and one Tutz, who hired and drove the car at the time in question. The accident occurred at or near the intersection of Eighth street and North Carolina avenue between 9 and 10 o'clock on a rainy September evening.

Nasella alighted from a street car bound south on Eighth street at the stopping place on the north side of North Carolina avenue.

He crossed Eighth street walking easterly toward his home on Ninth street, and when a few feet beyond the intersection of the streets he attempted to cross from the north to the south side of North Carolina avenue, when he was struck by the motorcar and injured.

This car was owned by the defendant company and rented to Tutz, who drove it himself, and who took the injured man to the hospital after the accident.

The contract of hiring between the defendants constituted a bailment with control in the bailee, and created no relation of master and servant or principal and agent between the parties, and there is no contention that the company was responsible for any negligence on the part of Tutz.

The theory of the claim against Tutz is that he drove negligently at the time of the accident; the theory of the claim against the defendant company is that it hired to Tutz a car with defective brakes, and that the company was negligent with respect to the brakes, and the inspection thereof, at the time of the hiring.

Tutz was served with process, made no appearance or defense below; judgment was taken against him; and he does not participate in this appeal.

At the close of all the evidence, the defendant company moved for a directed verdict, which was denied, the case given to the jury, a verdict rendered for $2,500, and from the judgment thereon this appeal is taken.

The thirteen assignments of error contend that defendant was entitled to a directed verdict on the whole evidence; that its motion to strike the testimony of a police officer who examined the brakes ex post facto should have been granted; and that certain instructions to the jury which it asked should have been given, but were denied.

932

The testimony tended to prove that plaintiff, in the rain, and in the dark, with a raised umbrella, attempted to cross North Carolina avenue a few feet east of the crosswalk and where Tutz had the right of way under the traffic regulations.

On the other hand, there was testimony that the foot brakes, when tested by the police officer very shortly after the accident, did not operate so effectively as required by another section of the same regulations, though the hand brake then appeared to be more powerful than the regulation required. A man sitting on the same seat with Tutz testified that he saw Nasella when they were about seventy-five feet apart; that he could not say Tutz saw him at that moment, but when they were about fifty feet apart Tutz applied the brakes, which did not hold; and he thought Tutz relied on the foot brake alone.

Another man riding in the car at the time testified that Tutz attempted to stop before striking Nasella, and that the car was going about twenty or twenty-three miles an hour when the attempt to stop was made.

■ Also, the police officer whose testimony was the subject of the motion to strike testified that he tested the brakes very shortly after the accident; that he could not say whether it was then raining, but the streets were wet; that he had tested brakes when wet which would not hold as well as when dry, but that the hand brake in question in this test stopped the car in forty-five feet at twenty miles an hour; while the foot brakes did not stop it in less than one hundred feet, both brakes being tested at the same time and place and in the same condition of wetness and roadway.

The city traffic regulations require two sets of brakes which on a dry, hard, level road, free from loose material, shall be capable of stopping a car going twenty miles an hour, by the foot brake alone within fifty feet; and by the hand brake alone within seventy-five feet.

While it would have been more satisfactory if a further test of the brakes had been made under the exact conditions prescribed by the regulations, the questions to be decided were whether the injury was due to faulty brakes; and, if so, whether the faulty condition of the brakes was due to defendant's negligence.

The conditions under which the tests were made did not render testimony thereof inadmissible, but went to the weight of such testimony, which was properly left to the jury to decide. It is clear that, under the conditions of the officer's test, the hand brake more than satisfied the requirements of the regulation, while the foot brake only half satisfied them; and the foot brake is the only one which the evidence makes it certain the driver used in the emergency that came upon him.

■ The defense of contributory negligence was invoked because the plaintiff was not upon the crosswalk at the time he was struck, and because he was walking under an open umbrella.

But it is unnecessary for us to consider whether this defense was available between the plaintiff and this defendant, whose negligence was charged to be the renting of a car with faulty brakes and not the taking of wrong action in the emergency, for even though plaintiff had negligently put himself in a position of peril, if defendant Tutz saw that position and had an opportunity to save the plaintiff by exercising reasonable care and failed to do so, yet the plaintiff could recover against Tutz for his failure; while if Tutz duly attempted to save the plaintiff in his peril, and failed because of negligence of the defendant company, the plaintiff may recover against the company.

And the evidence clearly shows that Tutz tried to do that; and it tends to show that his failure was due to defendant company's negligence respecting the brakes.

■ Whether such evidence was sufficient to show such negligence, and, if shown, whether it was the proximate cause of the injury, were questions for the jury, to be determined upon due consideration of all the testimony, including that of the defendant company's president as to how he had tested the brakes of this car just before it went upon this journey.

■ The defendant further contends, and offered a request for an instruction supporting such contention, that if the hand brake was found to be in reasonably good condition, and that its use could have avoided the accident, the defendant company was entitled to a verdict.

But no authority is cited to support this proposition, while the traffic regulations require "two or more sets of independently operated brakes which shall at all times be capable of meeting the following requirements," which requirements have been heretofore stated as to both the foot brake and the hand brake.

Upon the whole case we are of opinion that the motion for verdict and the motion to strike testimony were properly denied, while in the court's charge we find no error.

The cases listed below are thought to support the views of this opinion: Inland & Sea-Board Coasting Co. v. Tolson, 139 U. S. 551, 11 S. Ct. 653, 35 L. Ed. 270; Grand Trunk Rwy. Co. v. Ives, 144 U. S. 408, 12 S. Ct. 679, 36 L. Ed. 485; Standard Oil Co. v. McDaniel, 52 App. D. C. 19, 280 F. 993; Bremmerman v. Georgetown & T. Ry. Co., 50 App. D. C. 378, 273 F. 342; Chr. Heurich Brewing Co. v. McGavin, 56 App. D. C. 389, 16 F. (2d) 334; Schweinhaut v. Flaherty, 60 App. D. C. 151, 49 F. (2d) 533; Faucett v. Bergmann, 57 App. D. C. 290, 22 F. (2d) 718; Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 74 L. Ed. 720; Mandes v. Midgett, 49 App. D. C. 139, 261 F. 1019; Washington Ry. & Elec. Co. v. Upperman, 47 App. D. C. 219.

The judgment appealed from is affirmed.