[redacted]

**MYERS et al. v. TSCHIFFELY et al.**

**No. 6194.**

United States Court of Appeals for the District of Columbia.

Argued Oct. 1, 1934.

Decided Nov. 5, 1934.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

George E. Sullivan, of Washington, D. C., for appellants.

Stanton C. Peelle, Dale D. Drain, Paul E. Lesh, and J. F. Barnard, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment, after verdict, upon issues framed and tried in the Supreme Court of the District holding a probate court.

The appellees, Charles Stott Tschiffely and Clifton L. Tschiffely, are the executors under the will (dated June 9, 1931) of their father, Frederick A. Tschiffely, who died August 16, 1931. The will was admitted to primary probate in the orphans' court of Montgomery county, Md. Thereafter ancillary letters issued to appellees in this District.

The proceedings herein were initiated through the filing by appellants of a petition "objecting and excepting to the first and final account of the Executors"; the contention being that the executors had omitted from the account assets consisting of an $18,000 first trust note of R. A. Veitch and $2,000 of United States government bonds. Appellants averred that the executors were making individual claims to the note and bonds.

Appellees answered, denying that their account as executors did not include all the assets in the District of Columbia left by the decedent, and denying that the $18,000 Veitch note and the $2,000 government bonds were any part of the estate of the decedent at the time of his death. They admitted that the note and bonds were claimed by them to be their individual property, "their claimed ownership being derived by and through a gift and delivery from decedent the latter part of June or early part of July 1931."

Thereupon the court framed issues for trial by jury, as follows:

"1. Was the $18,000 Veitch first-trust note here involved an asset of Frederick A. Tschiffely at the time of his death on August 16, 1931?

"2. Were the $2,000 United States Government bonds here involved assets of Frederick A. Tschiffely at the time of his death on August 16, 1931?"

 At the commencement of the trial, the court aligned the parties as follows: The petitioning objectors and exceptants (appellants here) in their individual right, as plaintiffs, and the respondents (appellees here) "as executors under the will of Frederick A. Tschiffely, deceased, and also in their individual right," as defendants.

To this alignment, appellants objected on two grounds: First, because appellees admit that they claim the assets in question solely through an alleged gift from the decedent, and that therefore the burden is on them to prove the gift; and, second, that their (appellees) participation in the trial should be restricted to their individual capacity.

At the close of the evidence, appellants prayed that the jury be instructed, in effect, that the burden of proof was on the appellees. This prayer was denied, and the court instructed the jury that "the burden will be upon the plaintiffs (appellants) to establish their contentions that the note and the bonds were assets of the Tschiffely estate by a fair preponderance of all the evidence."

It is conceded by appellees, as indeed it must be, "that upon an issue as to whether a gift has been made, the general rule is frequently stated to be that the burden is on the donee to establish the gift." Where the gift is first asserted after the death of the donor, the rule requires it to be established by clear and convincing evidence. Whalen v. Milholland, 89 Md. 199, 211, 43 A. 48, 44 L. R. A. 208; Fitzpatrick v. Graham (C. C. A.) 122 F. 401, 404. This is especially true where a confidential relation existed between the parties. Chambers v. McCreery (C. C. A.) 106 F. 364, 369; In re Smith's Estate, 237 Pa. 115, 85 A. 76; Gerting v. Wells, 103 Md. 624, 634, 635, 64 A. 298, 433; Thomas v. Tilley, 147 Ala. 189, 41 So. 854.

In the present case, the appellees, as individuals, satisfied themselves as executors that the decedent in his lifetime made a gift to them of property of the value of $20,000. The only way in which their claim could be contested was through an effort to surcharge the estate with the amount of the assets which appellees claimed individually, and in such a proceeding we think, both upon reason and authority, the burden should be upon those asserting the gift.

In Smith v. Burnet, 35 N. J. Eq. 314, exceptions had been filed to the account of an executor on the ground that he had not charged himself with certain shares of stock claimed by him as a gift from the deceased. The court ruled that, the claimant being the executor, the only method of contesting his claim was through an effort to surcharge the estate in the amount of the assets claimed by him individually; that it was immaterial

whether the exceptants could be said to represent the interests of the estate, as they really did, or that the accountant could be said to represent the estate technically as executor against a claim by himself individually; and that the burden of proving a valid donation of the stock was upon the executor.

In Tygard v. Falor, 163 Mo. 234, 63 S. W. 672, which was a proceeding against an executor for withholding assets under a claim of gift from the testator, it was held that the burden was on him to establish the gift.

In Perkins v. Perkins, Adm'x, 58 N. H. 405, the court condemned the attempt of the administratrix "to control the defence to her own claim." The court observed: "In the prosecution of her personal claim her functions as administratrix are suspended, and she stands the same as a claimant. * * * *"

In Grey v. Grey, 47 N. Y. 552, the defendant upon settlement of accounts with his father was found indebted, for which indebtedness he gave his note. In an action on the note brought by the personal representative of the father after his decease, the defendant on the trial produced the note canceled and testified that it had not been satisfied. It appeared that he had means of access to his father's papers. It was held that under the facts stated the possession of the note was not evidence of its discharge. The opinion was written by Judge Peckham (afterwards a Justice of the Supreme Court of the United States), who said: "It is clear that if I own a chattel, not a chose in action, to-day, and next week it is found in another's possession, the law does not presume a legal transfer of the title to the possessor. But as against me, if title be claimed he must prove it. Why should any different rule prevail as to a promissory note?"

In Re Smith's Estate, 237 Pa. 115, 85 A. 76, the administrator, grandson of decedent, was surcharged with a sum which he claimed as a gift from decedent, whom he had represented as attorney in fact in a transaction involving the sum claimed. The court ruled that the burden is upon one who, after the death of the alleged donor, claims moneys as a gift to show an executed gift by clear and convincing evidence; and that the execution of the purpose to give, that is, by delivery, may be shown either by the declarations or admissions of the alleged donor, or it may be gathered from his acts when accompanied by other indicia of a gift; but whether in one way or the other, or both, the evidence must disclose a clear and unmistakable intention on the part of the donor at the time to withdraw or surrender his dominion over the subject of the gift.

In the present case the appellees in substance and effect were asserting a claim against the estate. No good reason has been advanced, and none occurs to us, why the burden of proving a gift to them by their father should not be upon them.

One other assignment of error requires notice. Appellants offered in evidence an admission in the answers of appellees that they (appellees) claimed the assets in question "by and through a gift and delivery from decedent the latter part of June or early part of July 1931." Thereupon, over the objection and exception of appellants, the court permitted the appellees to offer in evidence a detailed statement in their answers of the facts upon which the gift claim was based.

The sole purpose and effect of the statement taken by appellant from the answers of appellees was that appellees claimed the assets in question through a gift and delivery. That affords no justification for admitting in evidence self-serving declarations in the answers that in no way affected the sense or explained the portion read. Gunn's Adm'r v. Todd, 21 Mo. 303, 64 Am. Dec. 231; Sawyer v. Railroad, 145 N. C. 24, 58 S. E. 598, 22 L. R. A. (N. S.) 200; Sibert v. Hostick, 91 Neb. 255, 135 N. W. 1054; Morrison's Ex'rs v. Grubb, 23 Grat. (64 Va.) 342; Reager's Adm'r v. Chappelear, 104 Va. 14, 51 S. E. 170, 172. The case last cited well illustrates the rule. The court said: "If Mrs. Miller (another defendant and appellant) was to be condemned from the statements of her answer, she ought to have had the benefit of the whole answer. If her answer is to be taken as true as to the fact that Huffman handed her the money for Mrs. Reager, *it must also be taken as true that she delivered it to Mrs. Reager.*" (Italics ours.)

The judgment is reversed, with costs, and the cause remanded for a new trial.

Reversed and remanded.