IMHOFF v. WALKER et al.
No. 460.

Municipal Court of Appeals for the District of Columbia.

Feb. 14, 1947.

Rehearing Denied Feb. 28, 1947.

Samuel Barker, of Washington, D. C. (Lichtenberg & Barker, of Washington, D. C., on the brief), for appellant.

Louis B. Arnold, of Washington, D. C. (Irene Kennedy and Roberts & McInnis, all of Washington, D. C., on the brief), for appellee Freeman.

Paul M. Rhodes, of Washington, D. C. (Hawes, Rhodes & Dowrick, of Washington, D. C., on the brief), for appellee Walker.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Plaintiff appeals from an adverse judgment in a replevin case involving household goods. The initial dispute was between him and defendant Thelma Walker. Merritt Freeman was made a defendant because it was to him that Miss Walker had sold certain of the property. Plaintiff contended that the property was his, that he had already owned part of it before he met Miss Walker, and that the remainder she had bought for him with money he had given her for that purpose. All of it, he said, he had loaned to her for temporary use in an apartment she occupied in the same building where his apartment was. Defendant claimed that plaintiff had given her four of the articles (two rugs, a percolator and a clock), and that the remainder she had purchased with her own money. She sold all the property except the rugs, percolator and clock to defendant Freeman for $250 and it was from him that the property was taken under the writ of replevin. While the suit was pending plaintiff ordered the property sold by the marshal.

The trial judge found in favor of both defendants and awarded Freeman an affirmative judgment against plaintiff for $250. The judgment was based upon written findings of fact[1] which summarized the circumstances of the case, and on conclusions of law in which the judge held that plaintiff had failed to establish, as of the time of filing the suit, ownership or right to posses-

---

[1] In one of the findings of fact there was a recital that "plaintiff failed to establish by any creditable proof that any of the property described in his complaint including that which was replevied, had ever belonged to him * * *." This statement is not strictly accurate, for it was not contradicted that some of the

sion in the property, and that defendant Walker had the right to sell the articles to Freeman.

Appellant claims the trial judge erred in ruling "that the appellant had the burden of proof to establish that he had not given certain items of furniture and household furnishings to the defendant Walker as a gift." But it does not appear from the record before us that any ruling concerning the burden of proof was requested or made during the course of the trial. The evidence at the trial, which was not reported stenographically, comes to us in the form of a narrative statement of proceedings and evidence. Nowhere in that statement is there to be found any ruling concerning the burden of proof. There is also before us the stenographic transcript of the argument on the motions for new trial. There it is revealed that during a discussion between court and counsel concerning the question of burden of proof the trial judge said: "I have no doubt that she would have the burden upon her to prove ownership of some of these items." Presumably he was then referring to those items (rugs, percolator and clock) which defendant Walker claimed were hers as a gift from plaintiff and which, it was not disputed, had originally been his property. That statement by the trial judge was correct, and in conformity with Myers v. Tschiffely, 64 App.D.C. 17, 73 F.2d 657 and Casey v. Topliffe, 65 App.D.C. 100, 80 F.2d 543, which hold that a donee ordinarily has the burden of establishing a gift.

Appellant contends that even if the articles were a gift, such gift was made in contemplation of marriage and therefore conditional upon Miss Walker going through with the marriage ceremony. But from plaintiff's own lips came the testimony that he had no intention of marrying her. That being so there is no basis for his contention that the gift failed or was incomplete or subject to recall by him.

As to the remaining items (those which defendant Walker sold to defendant Freeman and which plaintiff replevied) a different test applies. As to those items the dispute was not whether plaintiff had given them to defendant; the dispute was whether plaintiff had ever owned them at all. He claimed she had bought them for him with his money, while she claimed she had bought them with her own money and that they had never been his. Upon that issue the burden of proof was upon plaintiff. It was he who alleged an affirmative which he was required to prove, and if no evidence at all were produced on either side of the issue he would have been out of court.[2] The onus of establishing the truth of his claim as to this group of items rested throughout the trial upon plaintiff.[3]

We think it should be noted that for the practical purposes of this appeal this discussion is largely academic, for the judge made it very plain before entering judgment, that whoever had the burden of proof, he had no doubt that plaintiff could not prevail under the facts as he had found them.

Basically we are dealing with factual issues. Whether plaintiff ever owned the articles (or some of them), whether he had given them to defendant, whether such gift was in contemplation of marriage, whether it was a loan, and if so what were the conditions of the loan, whether defendant had bought the property with her own funds or with funds provided by plaintiff,—these were all questions of fact which were sharply disputed between

articles (the two rugs, percolator and clock) had originally been his property. As to these, the dispute was whether he had given them to defendant or merely entrusted them to her on temporary loan. This mistake, however, is unimportant on this appeal, in view of the judge's conclusion of law as set out in the text above and in view of what we say in this opinion.

[2] Reliance Life Ins. Co. v. Burgess, 8 Cir., 112 F.2d 234. certiorari denied 311 U.S. 699, 61 S.Ct. 137, 85 L.Ed. 453; Cowen Co. v. Houck Mfg. Co., 2 Cir., 249 F. 285; Houk Mfg. Co. v. Cowen Co., 267 F. 787, certiorari denied 254 U.S. 637, 41 S.Ct. 9, 65 L.Ed. 450.

[3] Sullivan v. Capital Traction Co., 34 App.D.C. 358; Mitchell v. New England Mut. Life Ins. Co., 4 Cir., 123 F.2d 246; Guaranty Trust Co. v. United States, D. C.,E.D.Wash., 44 F.Supp. 417, affirmed 9 Cir., 139 F.2d 69.

the parties. There was ample evidence to support the decision of the trial judge. He also had before him certain documentary evidence, consisting of cancelled checks and receipted bills or sales-slips. Some of these exhibits tend to support the plaintiff's version of the case, and others lend credence to defendant's version. We, as an appellate court cannot "pick and choose" between these conflicting versions.[4]

There were two motions for new trial: The first on the ground that the finding was contrary to the law and the evidence, and the second on the ground of newly discovered evidence. As to the first motion it need only be said that there is no basis for holding that the finding was contrary to law, and that it is equally clear that it was not contrary to the evidence; for as we have said, the trial judge on the conflicting evidence before him was justified in deciding the issues of fact as he did.

Turning our attention to the second motion, which was based upon newly discovered evidence, we must apply these requirements: the evidence must be in fact newly discovered, that is, discovered since the trial; it must be shown that it was not due to want of diligence that the movant did not discover the evidence sooner; the evidence relied on must not be merely cumulative or impeaching; and it must be such as would probably produce a different verdict if a new trial were granted.[5] In the light of these tests we have examined the affidavits filed in support of the motion and have found them wanting. Even viewed most favorably to plaintiff they reveal only that there were three witnesses whose testimony would have been merely additional to and corroborative of that which was received on the trial as to statements concerning ownership of the chattels. This would have been nothing more than cumulative evidence[6] and would not have required the granting of a new trial.[7] Also it should be noted that the evidence was not really newly discovered. The affidavits reveal incidents practically all of which had taken place in plaintiff's presence. As to these, he should not have waited until after an adverse decision to tender the witnesses to the court.[8] We call attention to the rule that appellate courts do not review the granting or denial of motions for new trial except when a clear abuse of discretion is shown.[9] The same rule applies where such motions are based upon newly discovered evidence.[10]

Appellees make the point that the second motion was not filed within the time prescribed by rule of the trial court. But since we hold that the motion was properly denied on the merits it is unnecessary for us to consider that point.

Affirmed.

[4] Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9.

[5] Johnson v. United States, 10 Cir., 32 F.2d 127; United States v. Johnson, 7 Cir., 142 F.2d 588, consideration of motion for certiorari withheld 323 U.S. 806, 65 S.Ct. 265, 89 L.Ed. 643, reversed 149 F.2d 31, reversed 327 U.S. 106, 66 S.Ct. 464; Weiss v. United States, 5 Cir., 122 F.2d 675, certiorari denied 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550, rehearing denied 314 U.S. 716, 62 S.Ct. 478, 86 L.Ed. 570; Evans v. United States, 10 Cir., 122 F.2d 461, certiorari denied 314 U.S. 698, 62 S.Ct. 478, 86 L.Ed. 558; Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 119 F.2d 497, certiorari denied 315 U.S. 808, 62 S.Ct. 793, 86 L.Ed. 1207; Wagner v. United States, 9 Cir., 118 F.2d 801, certiorari denied 314 U.S. 622, 62 S.Ct. 75, 86 L.Ed. 500; Prisament v. United States, 5 Cir., 96 F.2d 865; see also Carpenter v. District of Columbia, D.C.Mun.App., 32 A.2d 251.

[6] Levine v. Union & New Haven Trust Co., 127 Conn. 435, 17 A.2d 500; Eller v. Paul Revere Life Ins. Co., 230 Iowa 1255, 300 N.W. 535; 32 C.J.S., Evidence, § 1016, p. 1039.

[7] Mandes v. Midgett, 49 App.D.C. 139, 261 F. 1019; Viles v. Prudential Ins. Co. of America, 10 Cir., 107 F.2d 696, certiorari denied, 308 U.S. 626, 60 S.Ct. 387, 84 L.Ed. 523, rehearing denied 309 U.S. 695, 60 S.Ct. 582, 84 L.Ed. 1035, motion denied 311 U.S. 723, 61 S.Ct. 53, 85 L.Ed. 471, and cases there collected.

[8] See Platt v. Platt, D.C.Mun.App., 51 A.2d 179.

[9] Ruppert v. Ruppert, 77 U.S.App.D.C. 65, 134 F.2d 497; McWilliams v. Shepard, 75 U.S.App.D.C. 334, 127 F.2d 18; Shlopak v. Davison, D.C.Mun.App., 34 A.2d 126; Franklin v. Chas. C. Schulman Co., D.C.Mun.App., 31 A.2d 871.

[10] District National Bank v. Maiatico, 61 App.D.C. 242, 60 F.2d 1078; Fitzgerald v. Dodson, 58 App.D.C. 150, 26 F.2d 522; Mandes v. Midgett, supra; Franklin v. Chas. C. Shulman Co., supra.