## SEEBOLD v. HOLBROOK.

### No. 1464.

Municipal Court of Appeals for the District of Columbia.

Argued March 15, 1954.

Decided April 2, 1954.

Rehearing Denied April 15, 1954.

Branko Stupar, Washington, D. C., for appellant.

Axel W. Oxholm, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, defendant below, was sued for damages for breach of a contract. The case was tried by the court, sitting without a jury, and on November 18, 1953, the court entered a finding for plaintiff. On November 23 defendant filed a motion for a new trial and also requested permission to file an amended answer and counterclaim. The motion was denied on December 1, 1953, and judgment entered. On the same date a motion for a rehearing of defendant's motion for new trial was filed. The rehearing was granted, and the motion for new trial was again denied on December 9. Notice of appeal was filed on December 18, 1953.

Though this case was argued before us on the merits, we must first consider the question as to whether the notice of appeal was timely. This must be done even in the absence of a motion to dismiss the appeal. The notice states that the appeal is from the judgment entered as of December 9. The court docket shows that the judgment was entered as of December 1, and the appeal must be considered as taken from the judgment as of that date. Our Rule 27(a) provides that notice of appeal in civil cases shall be filed within ten days from the date of entry of the judgment or order appealed from. A rule which limits the time within which an appeal may be taken is mandatory and jurisdictional and unless such notice is

timely we have no power to extend the time and the right of appeal is lost.[1] As stated in Randolph v. Randolph, 91 U.S.App.D.C. 170, 172, 198 F.2d 956, 957, " 'A motion for rehearing of a motion to set aside verdict and judgment, and a motion for rehearing of a motion for a new trial are not motions that extend the time for appealing * * *.' "

Since the notice of appeal was not filed within the time prescribed by the rule, it follows that the appeal must be dismissed.

Appeal dismissed.

1. Burke v. Loughrin, D.C.Mun.App., 91 A. 2d 564.