### BRADLEY v. PRINCE et al.

### No. 1487.

Municipal Court of Appeals for the District of Columbia.

Submitted May 10, 1954.

Decided May 26, 1954.

John D. Fauntleroy, Washington, D. C., for appellant.

Charles B. Sullivan, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit filed by the appellees as a result of a collision between Prince's car and appellant's truck. Sitting without a jury, the trial court found for the appellees and this appeal follows. It is first contended that the judgment was not supported by the evidence. As is generally the situation in cases of this type, there was a factual dispute on almost every material point. We have frequently stated that this court cannot act as the trier of the facts, but must leave that duty and responsibility to the trial judge. The record before us contains substantial evidence to support the decision of the lower court.

The other assignment of error relates to the denial of appellant's motion for a new trial. The motion was mainly based on a claim of newly discovered evidence. The granting or denying of a motion for new trial is within the discretion of the trial court and will not be disturbed on appeal unless an abuse of that discretion appears. Here the so-called newly discovered evidence was tendered in an affidavit of C. E. Simmons, dated January 30, 1954, stating that he had seen the two vehicles in question immediately after his attention was focused on them by the sound of the first impact. The record reveals that the collision occurred on October 12, 1953, and appellant was served with a copy of the complaint on November 4. The trial did not take place until January 25, 1954. While it is alleged that the name of the witness was incorrectly stated in the police accident report, there seems to be no reason why he could not have been located at the address listed.

The requirements for granting a new trial on the basis of newly discovered evidence were stated in Imhoff v. Walker, D.C.Mun.App., 51 A.2d 309, 312, as follows: "the evidence must be in fact newly discovered, that is, discovered since the trial; it must be shown that it was not due to want of diligence that the movant did not discover the evidence sooner; the evidence relied on must not be merely cumulative or impeaching; and it must be

such as would probably produce a different verdict if a new trial were granted."

We have examined the affidavit filed in support of the motion and find it wanting. The evidence was not newly discovered because the record indicates that it was available to appellant for more than two months after suit papers had been served, and no adequate explanation was offered as to why this witness had not been located and produced at trial. Appellant should not have waited until after an adverse decision to tender the witness to the court. We find no abuse of discretion in denying the motion for a new trial.

Affirmed.