Spencer D. GARDNER, Appellant,

v.

B. F. SAUL CO., a corporation, Appellee.

No. 1713.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 21, 1955.

Decided Dec. 8, 1955.

---

Spencer D. Gardner, pro se.

Thomas F. Burke, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

Appellant moved in the trial court to vacate a default judgment entered against him for possession of certain premises for nonpayment of rent. This motion was denied on June 28, 1955. On August 11, he filed a second motion which, for all practical purposes, was a motion for rehearing of the motion to vacate. This motion was denied on September 3 and on September 9, he filed notice of appeal.

While this case was argued before us on the merits, we cannot escape our responsibility of considering the jurisdictional question of whether the appeal was timely. The notice of appeal expressly states that the appeal is from the order of September 3, which was the order denying the motion to reconsider. This court has had occasion to consider the question of whether denial of a motion for rehearing extends the time for taking an appeal. Our Rule 27(a) requires that notice of appeal in civil cases must be filed within ten days from the entry of the judgment or order appealed from, and it should be noted that this rule makes no provision for extension of time for appeal by the filing of a motion to consider action taken on a previously filed and decided motion. Where such rule limits the time within which an appeal may be taken, it is mandatory and jurisdictional. Unless the notice is timely, we have no right to extend the time and the right of appeal is lost. Randolph v. Randolph, 91 U.S.App.D.C. 170, 172, 198 F.2d 956; Seebold v. Holbrook, D.C.Mun.App., 103 A.2d 876. Since the notice of appeal was not filed within the time prescribed by the rule, it follows that the appeal must be dismissed.

Appeal dismissed.