Ivory R. GREEN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 1733.

Municipal Court of Appeals for the District of Columbia.

Submitted Jan. 23, 1956.

Decided Feb. 17, 1956.

William S. Thompson, Washington D. C., for appellant. Joseph P. McCormick, Washington, D. C., also entered an appearance for appellant.

Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Asst. Corporation Counsel, Milton D. Korman and Hubert B. Pair, Asst. Corporation Counsel, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

On June 27, 1955, a jury in the Juvenile Court found appellant to be the father of an illegitimate child. A motion for new trial was argued and overruled on July 7, 1955, and the court entered an order requiring appellant to support the child. Appellant thereafter engaged new counsel who filed another motion which, for all practical purposes, was a motion to reconsider the previously denied motion for new trial. This motion alleged newly discovered evidence and also asserted that appellant was not represented by counsel of his own choice at the time of trial. The motion was heard and overruled on October 7 and notice of appeal was filed on October 17.

Appellant urges that it was error to deny the motion, but before we can reach the substantive question, we must first decide whether we have jurisdiction over the appeal. Our Rule 27(c) requires that notice of appeal in Juvenile Court cases shall be filed within ten days from the date of entry of the judgment or order appealed from. The notice of appeal states that the appeal is from the judgment or order entered as of July 7, 1955. Rule 27(c) makes no provision for extension of time for appeal by the filing of a motion to consider action taken on a previously filed and decided motion. In other words, the time limit is mandatory and jurisdictional. It is settled beyond question that we cannot extend the time and the right of appeal is lost if the notice is filed late.[1] We note that the Juvenile Court has not adopted a time limitation rule with regard to newly discovered evidence. However, no injustice will result in the instant case since the sub-

1. Jackson v. United States, D.C.Mun.App., 119 A.2d 721; Gardner v. B. F. Saul Co., D.C.Mun.App., 118 A.2d 802, and cases cited therein.

stantive questions, which we do not reach, are not supported by the record.

The notice of appeal not having been filed within the time prescribed by the rule, it follows that the appeal must be dismissed.

Appeal dismissed.