Elizabeth PARKER, Appellant,

v.

HOLLYWOOD CREDIT CLOTHING CO.,
Inc., a corporation, Appellee.

No. 1841.

Municipal Court of Appeals for the
District of Columbia.

Argued July 23, 1956.

Decided July 31, 1956.

Albert N. Lobl, Washington, D. C., for appellant.

Alvin L. Newmyer, Jr., and Jack Politz, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This is an appeal from an order denying a motion to reconsider a previous denial of a motion to vacate a default judgment. The default judgment was entered on January 23, 1956. The motion to set aside the default was filed on January 30 and denied on March 1. No notice of appeal was filed from the denial of this motion. However, a motion to reconsider was filed March 7 and denied May 14. Notice of appeal from the order denying the motion to reconsider was filed May 23.

Appellee contends that the appeal should be dismissed as not being timely filed. Appellant argues that the appeal was not merely from an order overruling a motion to reconsider, although denominated as such, but was from an order overruling a motion which set forth an additional ground[1] not included in the original motion.

If we were to be guided solely by the denomination of the motion we would have no alternative but to dismiss the appeal.[2] However, it is apparent that appellant's attorney not only urged reconsideration of his original grounds but also argued that the default judgment should be vacated because it had been determined that the prices were excessive. In effect, he argued that such information was newly discovered evidence.[3] But even if the trial court considered that part of the motion as a new

---

1. Appellant urged that the purchase price of the articles was grossly out of proportion.

2. Gardner v. B. F. Saul Co., D.C.Mun.App., 118 A.2d 802.

3. Municipal Court Rule 60(b): "On motion, and upon such terms as are just, the court may relieve a party or his legal representatives from a final judgment, order, or proceeding for the following reasons: * * * (2) newly dis-

and additional ground for vacating the judgment under Rule 60(b), the mere allegation of excessive price without a showing of diligence on the part of appellant in ascertaining this fact would not have warranted vacating the judgment.[4] Therefore, there being no abuse of discretion, the order of the trial court will be

Affirmed.

---

covered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); * * *."

4. Bradley v. Prince, D.C.Mun.App., 105 A.2d 253; Imhoff v. Walker, D.C.Mun. App., 51 A.2d 309.