BUNTIN, ADMINISTRATOR, APPELLANT, v. CHICAGO, MIL-
WAUKEE & ST. PAUL RY. CO. ET AL., RESPONDENTS.

(No. 3,888.)

(Submitted March 11, 1918.   Decided March 25, 1918.)

[172 Pac. 330.]

*Parties—Secreting Witnesses of Adversary—Contempt—Misde-
meanor—New Trial.*

1.  The action of a party in secreting and forcibly keeping in hid-
ing a witness of his adversary until the trial was concluded, and
thus suppressing material testimony, constituted contempt, a mis-
demeanor and misconduct or irregularity for which a new trial
should be granted.

[As to attempt to deceive the court as contempt, see note in
Ann. Cas. 1912B, 1310.]

*Appeal from District Court, Fergus County; Roy E. Ayers,
Judge.*

ACTION by C. W. Buntin, as administrator of the estate of
John Zuke, deceased, against the Chicago, Milwaukee & St. Paul
Railway Company and James Hopkins.   Judgment for defend-
ants.   Plaintiff appeals from an order denying him a new trial.
Reversed.

*Mr. E. K. Cheadle* and *Mr. B. K. Wheeler,* for Appellant, sub-
mitted a brief; *Mr. Cheadle* argued the cause orally.

*Mr. Chas. J. Marshall,* for Respondents, submitted a brief,
and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

Defendants having secured a favorable verdict upon the trial
of this case, plaintiff moved for a new trial, specifying as one
ground of his motion irregularities in the proceedings of the
defendants by which plaintiff was prevented from having a fair
trial.   The motion was overruled and plaintiff appealed from
the order.

In support of the motion certain affidavits were presented, among them the affidavit of Walter Weide, which, after setting forth the facts within his knowledge concerning plaintiff's cause of action, states that he came to Lewistown on December 17, 1914 (the day before the trial), and on that evening talked with counsel for plaintiff concerning the facts to which he could testify, and promised them to be present in court on the morning following at 9:30; that before that hour defendant Hopkins, an agent of the defendant railway company, and a third party unknown to him, secreted him in a room in a downtown office building and compelled him to stay in hiding until the trial was concluded. The other affidavits present material matters but they need not be considered here. There were no counter-affidavits filed and the facts disclosed stand admitted.

The action of these parties in thus suppressing material testimony constituted contempt (sec. 7309 (8), Rev. Codes), a misdemeanor (sec. 8249, Rev. Codes), and misconduct or irregularity for which a new trial should have been granted (sec. 6794 (1), Rev. Codes; 29 Cyc. 774).

While this court has no means of ascertaining the extent of the wrong done to plaintiff in this instance, we are not disposed to enter upon a critical analysis of the subject. The character of the offense committed is so odious and so utterly at war with every intelligent notion of the due administration of justice that the prevailing parties will not be permitted to profit by such wrongdoing. (*Barron* v. *Jackson*, 40 N. H. 365; *Carey* v. *King*, 5 Ga. 75.)

The order is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.