## WATWOOD v. CREDIT BUREAU
### Inc. et al.
### No. 1094.

Municipal Court of Appeals for the District of Columbia.

Argued July 16, 1951.

Decided Aug. 6, 1951.

Donald H. Dalton, Washington, D. C., for appellant.

Bernard I. Nordlinger, Washington, D. C., with whom Milton W. King, Wallace Luchs, Jr., and Ellis B. Miller, Washington, D. C., were on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This case has been before us on two prior occasions. In Watwood v. Credit Bureau, D.C.Mun.App., 68 A.2d 905, we affirmed an order of the trial court dismissing plaintiff's suit against defendants for damages and injunctive relief based on an alleged libel. Upon a rehearing of that decision, we remanded the case to the trial court in order that it might consider on the merits under Municipal Court rule 53(b) [1] an application by the plaintiff for relief from a withdrawal of her motion for leave to amend her complaint. Watwood v. Credit Bureau, D.C. Mun.App., 70 A.2d 62, 78 W.L.R. 109.

The order of the trial court dismissing "with prejudice" plaintiff's complaint on the grounds that it failed to state a cause of action was entered June 25, 1949. Three days later, on June 28, 1949, plaintiff through her then counsel filed a motion for a rehearing and leave to amend. On July 5, 1949, before there was a hearing on this motion, plaintiff's counsel noted an appeal to this court, under the mistaken belief that the ten-day period allowed to file an appeal was about to expire. On July 7, 1949, with the approval of the trial court plaintiff's counsel "without prejudice" withdrew the motion for a rehearing and leave to amend.

In our original decision of the appeal, the record before us did not indicate that plaintiff had made a timely motion to the trial court for a reconsideration of its order. We granted a rehearing and then learned for the first time that such a motion had been made. It therefore became apparent that because of the mistake and confusion of plaintiff's counsel in filing a timely motion for a rehearing and leave to amend but then noting an appeal and withdrawing the motion that plaintiff had lost her opportunity to seek such relief.[2] Under these circumstances we remanded the case in order that the trial court might consider an application for relief from her withdrawal of the motion and suggested that plaintiff would be in a better position to argue her right to amend if she tendered to the court a properly amended complaint. We noted that under that court's rule 53(b) it could grant relief from any judgment, order, or proceeding taken against a party through his mistake, inadvertence, surprise, or neglect.[3]

Upon remand, this application by way of motion was heard by Judge Barlow. The motion was opposed by defendants on the grounds that rule 53(b) provided that such relief could be granted a party not more than three months after the judgment, order, or proceeding was entered. Defendants' contention was overruled by Judge Barlow and plaintiff was granted leave to amend.

Defendants thereupon filed a motion to dismiss the amended complaint on the principal ground that it failed to state a cause of action. This motion was heard by Judge Gallagher who granted defendants' motion for dismissal as to plaintiff's prayer for injunctive relief. However, plaintiff's amended claim for damages for alleged libel was allowed to stand.

Defendants thereafter filed their answer to the complaint and the case was set for trial before a third judge. One of the defenses included in this answer was that the court had no jurisdiction to entertain the amended complaint because it had been

1. The pertinent part of rule 53(b) reads: "On motion, and upon such terms as are just, the Court may relieve a party or his legal representatives from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than three months aft-

er the judgment, order, or proceeding was entered or taken."

2. Plaintiff by this time had dismissed her counsel and appeared at the rehearing pro se.

3. Defendants' petition for allowance of appeal from this decision to the United States Court of Appeals for the District of Columbia was denied March 4, 1950.

without power in the first instance to permit plaintiff to file an amended complaint under rule 53(b). In this defense defendants again contended that more than three months had elapsed "after the Court had entered its Order allowing withdrawal of plaintiff's application for leave so as to amend." Upon oral argument at the trial, preliminary to the introduction of evidence, this defense was pointed out to the court. Over plaintiff's objection that the question had already been ruled on by Judge Barlow and after we had specifically remanded the case in order that such motion could be considered on the merits, the third judge dismissed the action on the ground that the Municipal Court was without jurisdiction. From this order of dismissal plaintiff brings the present appeal.

 A motion for a rehearing which is seasonably filed after a trial court's order postpones the time for noting an appeal.[4] If an appeal is noted before the disposition of the motion, the appeal is prematurely filed because the order is not final. Southland Industries v. Federal Communications Com'n, 69 App.D.C. 82, 99 F.2d 117; Healy v. Pennsylvania R. Co., 3 Cir., 181 F.2d 934. By noting an appeal under the mistaken belief that her time for appeal was about to expire, plaintiff did not waive her right to a rehearing. Woodmen of the World L. Ins. Ass'n v. Federal C. Com'n, 69 App. D.C. 87, 99 F.2d 122.

In Hamilton v. United States, 78 U.S. App.D.C. 316, 140 F.2d 679, an appeal was prematurely filed during the pendency of a motion for a new trial. Five days after the appeal was noted, the motion for a new trial was overruled. The United States Court of Appeals held that since the motion for a new trial had been overruled no further reason existed for dismissing the appeal. That Court recognized that the action of the trial court in overruling the motion for a new trial was an effective ruling.

Applying the foregoing rules to the present case, plaintiff's withdrawal with the

trial court's permission of her motion for a rehearing and leave to amend had binding effect. Her only recourse under those circumstances was to apply for relief from that withdrawal under Municipal Court rule 53(b). It was for this purpose that we remanded the case upon a rehearing of our original decision.

 It is apparent that the trial judge in dismissing plaintiff's complaint because of lack of jurisdiction misconstrued the application of rule 53(b) to the particular circumstances of the case. There is no dispute that more than three months had elapsed from the time plaintiff originally withdrew her motion for a rehearing of the trial court's dismissal of her complaint and her timely application for relief from that withdrawal filed after our mandate was issued. It does not follow that because of this lapse of time the trial court was precluded from considering the merits of the motion for relief because of the three months' time limit in the rule. Since the appeal and its disposition consumed the entire three months, the time during which this appeal was pending should not be counted in determining jurisdiction over this application for relief from the withdrawal of the motion under the rule. In re Shilshole Avenue in City of Seattle, 101 Wash. 136, 172 P. 338. To so hold would in effect nullify our action in remanding the case for that express purpose.

 The motion to vacate the withdrawal was granted by Judge Barlow and plaintiff was given leave to amend. The court at that time had jurisdiction to entertain such a motion. If it had decided that there had been no excusable neglect or mistake meriting the granting of the motion, that decision would have been within its discretion. However, it found to the contrary.

Plaintiff having been allowed to amend, the case should have proceeded to a trial on the merits. We must therefore remand the cause in order that it may be so tried.

Reversed and remanded.

4. Rule 27(d) of this Court provides that when a motion has been seasonably filed for a new trial, or for judgment notwithstanding the verdict, or to vacate or modify the order, finding, or judgment, the time for noting an appeal shall not begin to run until disposition of such motion.