Fred TATE, et al., Appellants,

v.

EQUITY BROKERAGE
CORPORATION,
Appellee.

No. 85–72.

District of Columbia Court of Appeals.

Argued Dec. 3, 1985.

Decided March 18, 1986.

Before NEBEKER and STEADMAN, Associate Judges, and REILLY, Senior Judge.

ORDER

PER CURIAM.

■ Promptly following a judgment for appellee, appellants filed a "motion to vacate judgment or, in the alternative, for a new trial." The motion, short in form and with little elaboration, was based on (1) additional evidence with respect to the lease and its importance, and (2) alleged improper conduct by defendant with respect to a potential witness. On December 13, 1984, the trial court denied the motion from the bench without hearing or argument. It construed the motion as one based on perjured testimony and deemed itself without authority to grant a new trial, citing *Unger v. Unger*, 174 A.2d 84 (D.C. Mun.App.1961), and *Dowdy v. Hawfield*, 88 U.S. App. D.C. 241, 189 F.2d 637 (1951). However, neither case is any longer controlling authority. Sup.Ct.Civ.R. 60(b)(3) as presently worded specifically authorizes the granting of relief for "fraud (whether heretofore denominated intrinsic or extrinsic)." *See* 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2861 (1973). Nor would these cases prevent the granting of relief on other grounds set forth in Rules 59 and 60. The trial court took no action with respect to the second point raised in the motion. *Cf., e.g., Square Construction Co. v. WMATA*, 657 F.2d 68 (4th Cir.1981); *Cooper v. Garden City Osteopathic Hospital*, 98 Mich. App. 362, 296 N.W.2d 259 (1980); *Buntin v. Chicago, M. & St. P. Ry. Co.*, 54 Mont. 495, 172 P. 330 (1918).

■ On December 19, 1984, appellants filed a "motion for reconsideration of denial of motion to vacate judgment, or in the alternative for a new trial." This motion with its attachments elaborated considerably upon both of the points raised in the

original motion to vacate. On January 9, 1985, appellants filed a notice of appeal to this court. On January 30, 1985, by written order, the trial court denied the motion for reconsideration on the ground that it was "without authority" to consider the motion. This was erroneous. The motion was properly before the trial court for consideration. If the court determined that it was prepared to grant the motion, appellants could have made a motion in this court for a remand. *Smith v. Pollin*, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952).

Therefore, it is ORDERED that further proceedings on appeal be suspended until after trial court consideration on the merits of the motion for reconsideration. *See Doepel v. United States*, 434 A.2d 449, 451–52 (D.C.), *cert. denied*, 454 U.S. 1037, 102 S.Ct. 580, 70 L.Ed.2d 483 (1981). The clerk of the Superior Court is requested to promptly certify, as a supplemental record on appeal, the action of the trial court on the motion for reconsideration.