Hope H. CARTER and John Hemphill, Jr., Appellants,

v.

The CATHEDRAL AVENUE COOPERATIVE, INC., Appellee.

Nos. 85–1354, 85–1444, 85–1754, 85–1755.

District of Columbia Court of Appeals.

Argued Jan. 14, 1987.
Decided Oct. 28, 1987.

Paul D. Pearlstein, with whom Eric Von Salzen, Washington, D.C., was on the brief, for appellants.

C. William Tayler, with whom Carol S. Rabenhorst, Washington, D.C., was on the brief, for appellee.

Before TERRY and STEADMAN, Associate Judges, and NEBEKER,* Associate Judge, Retired.

STEADMAN, Associate Judge:

In these combined appeals, we are called upon to deal with the jurisdictional relationship between the filing of a motion in the trial court that terminates the running of the time within which an appeal may be taken and the filing of the notice of appeal itself.

* Judge Nebeker was an Associate Judge of this court at the time of argument. His status changed to Associate Judge, Retired, on September 1, 1987.

1. The "judgment" consisted of both the injunctive relief and the declaratory judgment.

## I.

Appellants' predecessor in interest granted a 99-year lease to appellee's predecessor in interest. The present dispute between the parties is over the timeliness of giving of notice under a rental adjustment clause in the lease. The issues appellants ask us to decide on appeal are whether that dispute is subject to arbitration (including the question whether the arbitrability issue was itself subject to arbitration), and if not, whether the notice required by the lease was timely given.

On September 6, 1985, the trial court orally ruled from the bench in favor of appellee, granting a permanent injunction and entering a declaratory judgment. It held that the issue of the timeliness of the notice was not subject to arbitration and thus granted a permanent injunction prohibiting the appellants from taking any further steps to seek arbitration of the dispute. On the underlying dispute, it held that the notice had not been timely given and entered a declaratory judgment to this effect.

On September 13, 1985, appellee submitted to the trial court proposed findings of fact, conclusions of law, and judgment.[1] The trial court adopted appellee's proposal verbatim, effective *nunc pro tunc* to the date of the oral judgment. On September 25, 1985, appellant Carter filed a motion to alter or amend the judgment under Super. Ct.Civ.R. 52(b) and 59(e), attacking, among other things, many of the written findings of fact and conclusions of law made by the trial court. On the same date, she also filed a motion for a determination under Rule 54(b) to allow an appeal from the September 13 written judgment,[2] notwithstanding outstanding unresolved counterclaims filed by appellants against the appellee.

2. Appellants' motions were timely as the entry of judgment out of the presence of the parties extended the 10-day deadline by three days. Super.Ct.Civ.R. 6(e).

On October 1, 1985, Carter filed a notice of appeal from the judgment (No. 85–1354), and Hemphill filed a notice of appeal ten days later (No. 85–1444). On November 4, 1985, the trial court ruled that the filing of the appeals from the judgment deprived it of jurisdiction to rule on both the Rule 54(b) motion and the Rule 52(b)/59(e) motion. Appellants took timely appeals (Nos. 85–1754 and 85–1755) from those denials as well.[3]

## II.

■ Both parties urge us to proceed directly to resolution of the arbitrability and notice issues ruled upon by the trial court. However, parties may not confer jurisdiction upon us by mutual consent. *Hewsen v. Lynch*, 343 A.2d 45, 47 (D.C.1975); *see also Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981) (a court lacks discretion to consider the merits of a case over which it is without jurisdiction). In the case before us, the effect of filing the motion to alter or amend the findings and the judgment was to "terminate" the time within which an appeal could be taken from the judgment. D.C.App.R. 4(a)(2). More significantly, the pending motion also rendered premature the filing of the notices of appeal from the judgment in October. *Watwood v. Credit Bureau*, 82 A.2d 753, 755 (D.C.1951).[4] Thus, with such a motion

still undisposed of on the merits, it is we, not the trial court, who lack substantive jurisdiction to proceed on the case.

■ We should observe, however, that such a situation may change if during the pendency of the appeal the trial court makes an "effective"[5] ruling on the motion to alter or amend. In *Robinson v. Howard University*, 455 A.2d 1363, 1365–66 n. 1 (D.C.1983), we were presented with a situation where a notice of appeal had been filed prematurely, since a specific motion to tax costs had not yet been ruled upon. However, by the time of our disposition of the case, the trial court had in fact entered such an order. In these circumstances, we treated the premature notice of appeal as effectively permitting us to rule on the appeal, since the required further action by the trial court had in fact been performed by that time. Likewise, in *Kenmore Joint Venture v. District of Columbia Board of Zoning Adjustment*, 391 A.2d 269, 274 (D.C.1978), in an appeal from an administrative tribunal, we treated an appeal filed during the pendency of a motion for reconsideration as effective to allow us to rule on the appeal, since at the time of our action, the agency had denied the motion for reconsideration. These circumstances are to be contrasted with the instant case, where the trial court never acted upon the merits of the motions.[6]

---

**3.** Appellant Hemphill apparently implicitly joined in both of appellant Carter's motions. He appealed from their denial and appellants have filed a joint brief before us.

**4.** The *Watwood* case relied on federal court precedent in this circuit. The same rule has been applied in the federal courts generally since at least 1979, *see* note 6, *infra*.

**5.** The adjective is that used in *Watwood v. Credit Bureau, supra*, 82 A.2d at 755, describing the result in *Hamilton v. United States*, 78 U.S.App. D.C. 316, 140 F.2d 679 (1944) (motion for new trial overruled five days after notice of appeal filed). In contrast, and similar to the case before us, is *Southland Industries v. FCC*, 69 App. D.C. 82, 99 F.2d 117 (1938), in which the principle was applied to an appeal taken while a petition for rehearing was pending before the FCC. The court held that since the FCC had improperly dismissed the petition without consideration, the petition must be regarded "as pending at all times thereafter, until properly

acted upon by the Commission." 69 App.D.C. at 86, 99 F.2d at 121. So here, the fact that the trial court "acted" upon the motions by denying them for want of jurisdiction does not operate to legitimate the premature appeals. The same policy considerations that underlie refusal to act upon an appeal while a motion affecting the judgment appealed from is still outstanding (namely, the possibility that the matter appealed from could be varied in form and substance or rendered moot by trial court action on the merits of the motion) operate where the motion is erroneously denied for want of jurisdiction.

**6.** In 1979, the comparable Fed.R.App.P. 4 was amended, adding the following language to subsection (a)(4): "A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above." The Supreme Court held in *Griggs v. Provident Consumer Dis-*

■ Of course, it is for this court, not the trial court, to make the ultimate determination as to the jurisdictional effect[7] of the filing of a notice of appeal. However, where it is plain that the notice of appeal is a premature act or otherwise untimely (as from a nonappealable order), the trial court may proceed with pending matters in the case. If the appellant wishes to test the authority to proceed, he may seek a writ of prohibition. 9 J. MOORE, FEDERAL PRACTICE ¶ 203.11, p. 3–51 (2d ed. 1987) (and cases cited); cf. *Arthur v. Arthur*, 452 A.2d 160 (D.C.1982) (although order denying motion to dismiss for forum non conveniens is appealable, trial court has discretion to proceed with trial despite filing of a notice of appeal when it determines that such filing is without merit and has been made solely for dilatory purposes).

The situation is quite the opposite where the filing of the notice of appeal *precedes* the filing of the motion terminating the appeal time. There, as was true in the federal courts prior to the 1979 rule change, *see* note 6, *supra*, the filing of the notice of appeal indeed does divest the trial court of jurisdiction. *See, e.g., Hattersly v. Bollt*, 512 F.2d 209, 215–16 (3d Cir.1975) (*Abrams v. Abrams*, 245 A.2d 843 (D.C. 1968), cited by the trial court, is a more generalized instance of this principle). But the filing of the notice of appeal does not divest the trial court of all power to act upon the motion. As indicated in *Smith v. Pollin*, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952), the proper procedure in such circumstances is for the trial court to consider the motion. If the trial court indicates that it is prepared to grant the motion, the appellant may make a motion in this court for a remand to the trial court so that the motion may be granted.[8]

### III.

■ It is true that the appeal here involves relief which is, in part, formally injunctive and, therefore, arguably appealable in its own right under D.C.Code

---

count Co., 459 U.S. 56, 60–61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982), that this language is to be strictly interpreted and in effect forbids a federal appellate court from finding jurisdiction in the situations presented in *Robinson, supra,* and *Kenmore Joint Venture, supra,* unless the appellant files another notice of appeal after the trial court acts on the pending motion. *Robinson,* which was decided after *Griggs,* implicitly holds that the absence of this additional language permits a flexible interpretation of D.C.App.R. 4. However, compare in the criminal context, *West v. United States,* 346 A.2d 504 (D.C.1975) (appeal filed after finding of criminal contempt but before sentencing held premature and totally ineffective); *accord, In re Cys,* 362 A.2d 726 (D.C. 1976).

**7.** While the line that marks the division between what the trial court may and may not do is usually cast in terms of "lack of jurisdiction," the doctrine is judge-made, designed to avoid the confusion and waste of time that might flow from having two courts deal with a single case at the same time. Hence, it is subject to a common-sense flexibility in application. *See, e.g., Padgett v. Padgett,* 478 A.2d 1098 (D.C. 1984); 9 J. MOORE, FEDERAL PRACTICE ¶ 203.11 at 3–45 n. 1 (2d ed. 1987).

**8.** Also distinguishable from the case before us are the circumstances presented by *Tate v. Equity Brokerage Corp.,* 506 A.2d 201 (D.C.1986). In that case, appellant's motion to vacate or in the alternative for a new trial was denied. Appellant filed a motion to reconsider that denial and then filed a notice of appeal before the trial court ruled on the motion to reconsider. That trial court, as in this case, believed it was without jurisdiction to consider the motion. Unlike our disposition here, however, we remanded for a *Smith v. Pollin* ruling. This was proper in *Tate* because the motion was a motion to reconsider the denial of a motion terminating the appeal time. Although we have not discussed the subject, the federal courts of appeal have long held that only the first of such motions terminates time to note an appeal. *Turner v. Evers,* 726 F.2d 112, 114 (3d Cir.1984); *American Security Bank v. John Y. Harrison Realty, Inc.,* 216 U.S.App.D.C. 159, 670 F.2d 317, 320–322 (1982) (and cases cited).

We also note and distinguish *Coleman v. Lee Washington Hauling Co.,* 388 A.2d 44 (D.C.1978), in which we held that a "motion for reconsideration of order of dismissal" was a motion terminating appeal time within the meaning of Rule 4's "any motion seeking relief in the nature of the foregoing." The *Coleman* motion was not seeking reconsideration of the denial of a motion terminating appeal time but rather of an initial appealable order, an order of dismissal. Thus *Coleman,* despite its somewhat general language concerning "motions for reconsideration," in essence stands for the analogous proposition that the nature of a motion is determined by the relief sought, not by its label or caption. *Wallace v. Warehouse Employees Union No. 730,* 482 A.2d 801, 804 (D.C.1984).

§ 11–721(a)(2)(A) (1981). However, this is not an appeal from an injunction in a typical sense. Rather, the appeal is taken from a court ruling that deals with the matter in its entirety, as indeed it is presented to us. The findings of fact and conclusions of law are interrelated in various aspects of the relief granted. In any event, even if able to do so,[9] we would be reluctant to deal with even a pure injunctive issue, especially one involving a permanent injunction as here, where the underlying factual and legal considerations were still under attack by the appellant at the trial level. Therefore, there is no need here to explore the extent to which the appeal of an interlocutory order may extend to other otherwise nonappealable aspects of the litigation. *See* 16 C. WRIGHT & A. MILLER, E. COOPER & E. GRESSMAN, FEDERAL PRACTICE AND PROCEDURE: *Jurisdiction* § 3921 at 17 (1977) (ordinarily, the scope of appellate review is confined to the issues necessary to determine the propriety of the interlocutory order itself but may be extended to deal with other aspects of the case that have been sufficiently illuminated or are inextricably bound up with the remedial decision); *Noxell Corp. v. Firehouse No. 1 Bar–B–Que Restaurant*, 245 U.S. App.D.C. 242, 245, 760 F.2d 312, 315 (1985); *cf. Brandon v. Hines*, 439 A.2d 496 (D.C. 1981) (appealability of court orders affecting arbitration).

Although appellant argues that the issues presented to us can be dealt with as pure questions of law, we do not think that they can or should be disposed of in the abstract, even assuming jurisdiction might lie. Furthermore, the resolution of some of the challenged factual and legal conclusions of the trial court may cast light on the totality of the issues before us and affect their ultimate resolution.[10]

The order of the trial court denying the motion to alter or amend, which is the subject of appeal Nos. 85–1754 and 85–1755, is reversed.[11] The appeals in Nos. 85–1354 and 85–1444 are dismissed.

*It is so ordered.*

---

**9.** To the extent that the motion to alter or amend affects matters underlying the injunctive portion of the case, its filing terminates the time to appeal and renders the notice of appeal premature under the principles discussed above. Appellants have not differentiated their objections to the September 13 document by reference to the respective relief granted.

**10.** For example, the trial court's reaffirmance of the finding that there was an oral agreement on June 22, 1984 to use a successor economic index to the one specified in the lease to compute the rent might give rise to an estoppel argument or failure to give reasonable notice claim by appellee not based on the pure language of the lease. As the parties agree that some kind of notice was required if the index were to be abandoned, it could be that even under appellants' interpretation that the "shall notify" clause does not require assertion of "reasonable grounds" for the abandonment of an index-based rent in the ninety-day rent readjustment notice, appellants' delay in giving its "reasonable grounds" notice until two weeks into the new lease and after extensive negotiations based on the successor index might be held to be unreasonable in light of all the circumstances. *See,* RESTATEMENT (SECOND) OF CONTRACTS § 204 (1981).

**11.** Also pending before the trial court is the Rule 54(b) motion. This too should be dealt with upon remand, since ordinarily a judgment to be reviewable on appeal must be final not only as to all parties but as to the whole subject matter and all the causes of action involved. *See, e.g., Mills v. Cosmopolitan Insurance Agency*, 442 A.2d 151, 152 (D.C.1982). The outstanding unresolved counterclaims in and of themselves preclude us from exercising jurisdiction, absent a Rule 54(b) certification or other ground of exception to the normal finality requirement. *See Jones v. American Express Co.*, 485 A.2d 607 (D.C.1984).